PADDOCK ET AL., TRUSTEES, V. BARTLETT.

1. **Contract**: ERECTION OF BUILDING BY A SPECIFIC PERSON AND ASSO-CIATES: PERFORMANCE. Where the condition of an obligation to pay money was that M. and his associates should erect at a certain place a pork-house of a certain capacity, *held* that the condition was fulfilled by the erection of the required house by a corporation of which M. was a member, though he withdrew from the corporation before the house was completed.

2. ———: ———: ———: REASONABLE TIME: QUESTION FOR JURY. In such case the law required that the building should be erected within a reasonable time, depending upon the magnitude of the work and the necessity for its completion for the purpose for which it was designed,— a question for the jury under the instructions of the court.

3. **Evidence**: CAPACITY OF PORK-HOUSE: COMPETENCY OF WITNESSES. Witnesses who based their testimony upon observation and experience in working in a pork-house were competent to testify as to the capacity of such a house.

4. **Practice in Supreme Court**: QUESTIONS NOT CONSIDERED. Objections not argued, and rulings on evidence not shown by the abstract, are not considered in this court.

Paddock et al., Trustees, v. Bartlett.

5. **Contract**: FOR PAYMENT OF MONEY IN CONSIDERATION OF PUBLIC
BENEFIT: CONTEMPORANEOUS ORAL MISREPRESENTATIONS. A con-
tract to pay money to trustees, for the use of M. and associates, in con-
sideration of their erecting a pork-house at a certain place, cannot be
varied or defeated by evidence of contemporaneous parol representations
made by M. that men of great wealth would be connected with the enter-
prise, that it would result in other collateral improvements tending to
enhance the value of real estate, etc.

*Appeal from Mills Circuit Court.*

TUESDAY, DECEMBER 16.

ACTION at law to recover upon a written instrument exe-
cuted by defendant and others. There was a judgment upon
a verdict for plaintiffs. Defendant appeals.

*Watkins, Williams & Wright*, for appellant.

*W. S. Lewis* and *J. Y. Stone*, for appellees.

BECK, CH. J.—I. The instrument sued upon was signed
by defendant and others, and is in the following language:
1. CONTRACT: "We, the undersigned, believing it to be a great
erection of advantage to Mills county and vicinity to have
building by
M. and asso- the pork-packing house established at Malvern,
ciates: per-
formance. agree to pay the amount set opposite our names,
upon the following conditions: That George F. Mellen and
associates shall erect a brick pork-house at Malvern, with a
capacity of killing and curing 70,000 hogs annually. Said
amount shall become due on the completion of the pork-house,
and payable to J. D. Paddock, G. W. Curfman and A. L.
Young, trustees." The evidence tends to show that a com-
pany was incorporated with Mellen as a member, which com-
menced and completed the pork-house. The foregoing con-
tract obligates defendant to pay money for a pork-house
to be erected by Mellen and his associates. As the instru-
ment contemplates the prosecution of the work by Mellen,
and others associated with him, it was doubtless the purpose

Paddock et al., Trustees, v. Bartlett.

that the common way of men associating themselves by an incorporation was to be pursued. Surely, the stockholders in the corporation were associates of Mellen. But Mellen soon withdrew from the corporation, and the building was completed by the corporation afterwards. But the completion of the house, after Mellen's withdrawal, by his associates was a compliance with the contract. These considerations are a sufficient answer to objections raised by defendant's counsel in more than one form.

II. The law required the building to be erected within a reasonable time, and the court so instructed the jury. Of 2. —: —: reasonable time: question for jury. course, what would be regarded as a reasonable time depends upon the magnitude of the work, and the necessity for completing it in all its parts in order to fit it for the business for which it was designed. These and other considerations were proper matters of inquiry under this instruction. We think the jury were authorized to find, as they evidently did find, that the building was completed within a reasonable time. This conclusion disposes of the first objection made by defendant.

We think the verdict of the jury is supported by the evidence upon all branches of the case.

III. Certain witnesses testified as to the capacity of the house for packing pork. They based their opinion upon 3. EVIDENCE: capacity of pork-house: competency of witnesses. observation and experience in actual work in the house. Surely they were competent to express an opinion of the amount of work which could be done in the house in a given time.

IV. Certain rulings upon evidence are objected to by counsel of defendant. Some of these rulings are not argued. 4. PRACTICE in supreme court: questions not considered. The abstract fails to show the purport of the evidence excluded by others. We are not required, therefore, to consider the objections. But, so far as the evidence is shown in the abstract, these rulings appear to be correct.

V. The contract is payable to plaintiffs as trustees, who evidently are to receive the money for the benefit of the persons who built the packing-house. It provides that the house shall be built by Mellen and his associates. We have seen that the corporation and stockholders thereof are to be regarded as Mellen's associates, and that it clearly contemplates the formation of a corporation for doing the work. Defendant, as a defense to the action, sets up that Mellen made false representations as to various matters connected with his enterprise; as that parties of great wealth would be connected with it; that large sums of money would be expended in building dwellings; that the price of pork would be advanced, etc., in case the pork-house was built. The instrument sued upon is the expression of the contract between the parties, and it is not competent for defendant to change or modify it, or ingraft conditions upon it not expressed therein, by parol evidence of declaration or agreement of the parties made before or at the time of its execution. Besides, it surely cannot be that these representations will defeat the claim of Mellen's associates, who did not make them nor authorize Mellen to make them. Mellen was simply one of many " associates," of which defendant had notice. He cannot charge them with the consequences of Mellen's false representations. See *Trustees of Oskaloosa College v. Stafford*, 14 Iowa, 152. These conclusions dispose of several objections urged by defendant.

*5. CONTRACT: for payment of money in consideration of public benefit: contemporaneous oral misrepresentations.*

VI. The court in an instruction referred to a defense pleaded in a certain count of the answer. This is objected to, for the reason that it refers the jury to the pleadings. But the position is not correct. The court simply refers to the pleading in order to designate the defense, which is sufficiently stated in the charge of the court.

VII. We have examined with care the instructions given the jury, and think they are correct. Many of the assignments of error directed against the instructions fail in clear-

ness, and in not being " as specific as the case will allow."
Code, § 3207. They are not aided by the argument. Indeed,
we can hardly imagine a manner of assigning and present-
ing errors which would be more unsatisfactory and more
confusing than the one pursued by counsel for defendant.

The points of the case involving its real merits are suffi-
ciently considered in the preceding discussion. All other
points argued by counsel are involved in those we have ruled,
or are statements of the same points in a different form. It
is our opinion that the judgment of the circuit court ought
to be

AFFIRMED.