THE PRESBYTERIAN CHURCH OF ALBANY, Appellant, *v.* THOMAS C. COOPER et al., as Administrators, etc., Respondents.

C., defendant's intestate, with others, subscribed a paper, by the terms of which they, "in consideration of one dollar" to each of them paid, and of the agreements of each other, severally promised and agreed to and with plaintiff's trustees, to pay to said trustees the sums severally subscribed, for the purpose of paying off a mortgage debt on the church edifice, on the condition that the whole sum should be subscribed or paid in within one year. In an action to recover a balance unpaid of the amount subscribed, it was shown that the one dollar was not, in fact, paid. There was no evidence that the corporation or its trustees, as its representatives, did or undertook to do anything upon the invitation or request of the subscribers, or otherwise than as individuals interested in promoting the general object in view, or that it incurred liability on the strength of the subscriptions upon request of the subscribers. *Held*, that plaintiff was not entitled to recover, as C.'s subscription was gratuitous and there was no valid consideration to uphold it; that the recital of a consideration paid did not preclude defendants from disputing the fact, nor did it give the promise any validity; that the mutual promise between

the subscribers and the fact that the promise of each subscriber was had by reason of and in reliance upon similar promises of the others, did not constitute a consideration between plaintiff and the promisors, there being as to these promises, no privity of contract between them; that a request for the trustees of the church to do anything could not be implied from C.'s subscription; also, that the fact that they did, as individuals, interested in promoting the object in view, procure subscriptions, and that they applied moneys paid on subscriptions upon the mortgage debt did not constitute a consideration for C.'s promise.

*Barnes* v. *Perine* (12 N. Y 18) and *Roberts* v. *Cobb* (103 N. Y. 600) distinguished.

(Argued January 25, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made the first Tuesday of May, 1887, which reversed a judgment in favor of plaintiff, entered upon the report of a referee, and ordered a new trial. (Reported below, 45 Hun, 453.)

This was a reference under the statute of a disputed claim against the estate of Thomas P. Crook, defendant's intestate. The claim arose under a subscription paper, of which the following is a copy:

" We, the undersigned, hereby severally promise and agree to and with the trustees of the First Presbyterian Church in this city of Albany, in consideration of one dollar to each of us in hand paid and the agreements of each other in this contract contained, to pay on or before three years from the date hereof to said trustees the sum set opposite to our respective names, but upon the express condition, and not otherwise, that the sum of $45,000 in the aggregate shall be subscribed and paid in for the purpose hereinafter stated; and if within one year from this date said sum shall not be subscribed or paid in for such purpose, then this agreement to be null and of no effect. The purpose of this subscription is to pay off the mortgage debt of $45,000, now a lien upon the church edifice of said church, and the subscription or contribution for that purpose must equal that sum in the aggregate to make this agreement binding.

" Dated *May* 18, 1884."

The defendants' intestate made two subscriptions to this paper, one of $5,000 and the other of $500. He paid upon the subscription $2,000. The claim was for the balance.

*Matthew Hale* for appellant. There may be a valid waiver without the element of estoppel. (*Prentice* v. *K. L. Ins. Co.*, 77 N. Y. 483, 489 ; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 480 ; *Titus* v. *G. F. Ins. Co.*, 81 id. 410, 419.) Whenever there is a condition precedent for a party's benefit, he may waive it ; and such waiver does not require a new consideration. (*Conklin* v. *King*, 10 N. Y. 440, 446 ; *Clark* v. *Dales*, 20 Barb. 52, 64 ; *Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 495.) A condition precedent is waived by proceeding to fulfill the contract without insisting upon its performance. (*Conkling* v. *King*, 10 N. Y. 442 ; *Goit* v. *N. P. Ins. Co.*, 25 Barb. 189, 191, 192 ; *Avery* v. *Wilson*, 81 N. Y. 341 ; *Nichols* v. *Mace*, 94 id. 160, 165.) A party may waive the benefit of any condition or provision made in his behalf. (*Conkling* v. *King*, 10 N. Y. 442 ; *Goit* v. *N. P. Ins. Co.*, 25 Barb. 189, 191, 192 ; *Baker* v. *Braman*, 6 Hill, 47, 48 ; *People* v. *Van Rensselaer*, 9 N. Y. 291, 333.) The case shows many acts on the part of the plaintiff and its officers, and the other subscribers, which may be fairly said to have been done in consequence of Mr. Crook's waiving the strict performance of the conditions of the agreement, if they were not performed. (*Hutchins* v. *Smith*, 46 Barb. 235 ; *Dutch Church* v. *Brown*, 17 How. Pr. 287.) The subscription was a valid and binding obligation. (1 Comst. 581 ; *Barnes* v. *Perine*, 12 N. Y. 18, 27 ; Parsons on Cont. 452 ; *Miller* v. *Ballard*, 46 Ill. 377 ; *Presby. Society* v. *Beach*, 74 N. Y. 72 ; *Collegiate Inst.* v. *Smith*, 36 Barb. 576 ; *T. C. A.* v. *Nelson*, 24 Vt. 189 ; *Lathrop* v. *Knapp*, 27 Wis. 214 ; *Trustees* v. *Haskell*, 73 Me. 140 ; *U. P. Church* v. *Bayard*, 60 Iowa, 237 ; *Roberts* v. *Cobb*, 103 N. Y. 600.) The conditions of the subscription were performed. (*Crawford* v. *Collins*, 45 Barb. 269 ; *Lucas* v. *Beale*, 4 Eng. Law and Eq. 358 ; *Lauferty* v. *Wheeler*, 11 Abb. N. C. 220, 224 ; *Gay* v. *Seibold*, 97 N. Y. 472, 476 ; *T. & B. R. R. Co.* v. *Warren*, 18 Barb. 310 ; *N. H.*

*Co.* v. *Hursee*, 79 N. Y. 454; *Kelner* v. *Baxter*, L. R., 2 C. P. 174.)

*Walter E. Ward* for respondent. The subscriptions are absolutely void for want of consideration. (*Stewart* v. *Hamilton College*, 2 Denio, 403; *Hamilton College* v. *Stewart*, 1 N. Y. 581; *Stoddard* v. *Cleveland*, 4 How. Pr. 150; *Hammond* v. *Shepard*, 29 id. 190; 1 Parsons, 452–454; *Pratt* v. *Trustees*, 34 Am. Rep. 187; 93 Ill. 475; *Beach* v. *M. E. Church*, 96 id. 179; *University* v. *Livingston*, 57 Iowa, 307; *C. S. M. E. Church* v. *Kendall*, 121 Mass. 528; *L. Academy* v. *Davis*, 11 Mass. 113, 116, 117.) The subscription of one subscriber to a subscription paper is not a valid consideration for the subscription of another. (1 Parsons, 452–454; *Hamilton College Case*, 1 N. Y. 581; *Limerick Academy* v. *Davis*, 11 Mass. 113, 116, 117; *Barnes* v. *Perine*, 12 N. Y. 18, 30; 1 id. 581, 582; 2 Denio, 217; *Pratt* v. *Trustees*, 93 Ill. 475; *Beach* v. *F. M. E. Church*, 96 id. 179; *C. S. M. E. Church* v. *Kendall*, 121 Mass. 528.) The conditions of the agreement were not fulfilled, invalid subscriptions having been obtained and included in making up the amount. (*N. Y. E. Co.* v. *De Wolf*, 31 N. Y. 273, 281; Hirschl on Fraternities, § 3910.) In order to constitute an estoppel, or a waiver of objections, there must be some act or omission which has misled another acting upon it in good faith and exercising reasonable care. (*Boardman* v. *L. S. & M. S. R. Co.*, 84 N. Y. 157, 182.) If the element of fraud or injury is wanting, there is no estoppel. (*N. M. L. Ins. Co.* v. *Amerman*, 10 N. E. Rep. 225; 119 Ill. 329; 35 Albany Law Jour. 364–366.) A party does not waive an objection founded upon a fact of which he is ignorant. (*Newbury* v. *Furnival*, 56 N. Y. 638.)

ANDREWS, J. It is, we think, an insuperable objection to the maintenance of this action, that there was no valid consideration to uphold the subscription of the defendants' intestate. It is, of course, unquestionable that no action can be maintained to enforce a gratuitous promise, however worthy the object intended to be promoted. The performance of

such a promise rests wholly on the will of the person making it. He can refuse to perform, and his legal right to do so cannot be disputed, although his refusal may disappoint reasonable expectations, or may not be justified in the forum of conscience. By the terms of the subscription paper the subscribers promise and agree to and with the trustees of the First Presbyterian Church of Albany, to pay to said trustees, within three years from its date, the sums severally subscribed by them, for the purpose of paying off "the mortgage-debt of $45,000 on the church edifice," upon the condition that the whole sum shall be subscribed or paid in within one year. It recites a consideration, viz., "in consideration of one dollar to each of us (subscribers) in hand paid and the agreement of each other in this contract contained." It was shown that the one dollar recited to have been paid was not in fact paid, and the fact that the promise of each subscriber was made by reason of and in reliance upon similar promises by the others constitutes no consideration as between the corporation for whose benefit the promise was made and the promisors. The recital of a consideration paid does not preclude the promisor from disputing the fact in a case like this, nor does the statement of a particular consideration which, on its face, is insufficient to support a promise, give it any validity, although the fact recited may be true.

It has sometimes been supposed that when several persons promise to contribute to a common object, desired by all, the promise of each may be a good consideration for the promise of others, and this although the object in view is one in which the promisors have no pecuniary or legal interest, and the performance of the promise by one of the promisors would not in a legal sense be beneficial to the others. This seems to have been the view of the chancellor as expressed in *Hamilton College* v. *Stewart* when it was before the Court of Errors (2 Den. 417), and *dicta* of judges will be found to the same effect in other cases. (*Trustees, etc.* v. *Stetson*, 5 Pick. 508; *Watkins* v. *Eames*, 9 Cush. 537.) But the doctrine of

the chancellor, as we understand, was overruled when the *Hamilton College Case* came before this court (1 N. Y. 581), as have been also the *dicta* in the Massachusetts cases, by the court in that state, in the recent case of *Cottage Street Methodist Episcopal Church* v. *Kendall* (121 Mass. 528). The doctrine seems to us unsound in principle. It proceeds on the assumption that a stranger both to the consideration and the promise, and whose only relation to the transaction is that of donee of an executory gift, may sue to enforce the payment of the gratuity for the reason that there has been a breach of contract between the several promisors and a failure to carry out as between themselves their mutual engagement. It is in no proper sense a case of mutual promises, as between the plaintiff and defendant.

In the disposition of this case we must, therefore, reject the consideration recited in the subscription paper as ground for supporting the promise of the defendant's intestate, the money consideration, because it had no basis in fact, and the mutual promise between the subscribers, because, there is no privity of contract between the plaintiff and the promisors. Some consideration must, therefore, be found other than that expressly stated in the subscription paper, in order to sustain the action. It is urged that a consideration may be found in the efforts of the trustees of the plaintiff during the year, and the time and labor expended by them during that time, to secure subscriptions in order to fulfill the condition upon which the liability of the subscribers depended. There is no doubt that labor and services, rendered by one party at the request of another, constitute a good consideration for a promise made by the latter to the former, based on the rendition of the service. But the plaintiff encounters the difficulty that there is no evidence, express or implied, on the face of the subscription paper, nor any evidence outside of it, that the corporation or its trustees did, or undertook to do anything upon the invitation or request of the subscribers. Nor is there any evidence that the trustees of the plaintiff, as representatives of the corporation, in fact did

anything in their corporate capacity, or otherwise than as individuals, interested in promoting the general object in view.

Leaving out of the subscription paper the affirmative statement of the consideration (which, for reasons stated, may be rejected), it stands as a naked promise of the subscribers to pay the several amounts subscribed by them for the purpose of paying the mortgage on the church property upon a condition precedent limiting their liability. Neither the church nor the trustees promise to do anything, nor are they requested to do anything, nor can such a request be implied. It was held in *Hamilton College* v. *Stewart* (1 N. Y. 581) that no such request could be implied from the terms of the subscription in that case, in which the ground for such an implication was, to say the least, as strong as in this case. It may be assumed from the fact that the subscriptions were to be paid to the trustees of the church for the purpose of paying the mortgage, that it was understood that the trustees were to make the payment out of the moneys received. But the duty to make such payment, in case they accepted the money, would arise out of their duty as trustees. This duty would arise upon the receipt of the money, although they had no antecedent knowledge of the subscription. They did not assume even this obligation by the terms of the subscription, and the fact that the trustees applied money, paid on subscriptions, upon the mortgage debt, did not constitute a consideration for the promise of the defendant's intestate. We are unable to distinguish this case in principle from *Hamilton College* v. *Stewart* (1 N. Y. 581). There is nothing that can be urged to sustain this subscription that could not, with equal force, have been urged to sustain the subscription in that case. In both the promise was to the trustees of the respective corporations. In each case the defendant had paid part of his subscription and resisted the balance. In both, part of the subscription had been collected and applied by the trustees to the purpose specified. In the *Hamilton College Case* (which in that respect is unlike the present one) it appeared that the trustees had incurred expense in employing agents to procure subscriptions to make up the required

amount, and it was shown, also, that professors had been employed upon the strength of the fund subscribed. That case has not been overruled, but has been frequently cited with approval in the courts of this and other states. The cases of *Barnes* v. *Perine* (12 N. Y. 18) and *Roberts* v. *Cobb* (103 id. 600) are not in conflict with that decision. There is, we suppose, no doubt that a subscription invalid at the time for want of consideration, may be made valid and binding by a consideration arising subsequently between the subscribers and the church or corporation for whose benefit it is made. Both of the cases cited, as we understand them, were supported on this principle. There was, as was held by the court in each of these cases, a subsequent request by the subscriber to the promisee to go on and render service or incur liabilities on the faith of the subscription, which request was complied with, and services were rendered or liabilities incurred pursuant thereto. It was as if the request was made at the very time of the subscription, followed by performance of the request by the promisor. Judge ALLEN, in his opinion in *Barnes* v. *Perine*, said, "the request and promise were, to every legal effect, simultaneous," and he expressly disclaims any intention to interfere with the decision in the *Hamilton College Case*. In the present case it was shown that individual trustees were active in procuring subscriptions. But, as has been said, they acted as individuals, and not in their official capacity. They were deeply interested, as was Mr. Crook, in the success of the effort to pay the debt on the church, and they acted in unison. But what the trustees did was not prompted by any request from Mr. Crook. They were co-laborers in promoting a common object. We can but regret that the intention of the intestate in respect to a matter in which he was deeply interested, and whose interest was manifested up to the very time of his death, is thwarted by the conclusion we have reached. But we think there is no alternative, and that the order should be affirmed.

All concur.

Order affirmed and judgment accordingly.