(41 App. Div. 200.)

### KEUKA COLLEGE v. RAY.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

1. NOTES—CONSIDERATION—PAROL EVIDENCE.
   The consideration of a note may be shown by parol.
2. CONTRACTS—CONSIDERATION—SUBSCRIPTION TO COLLEGE.
   Where a person offered to subscribe a stated sum to an eleemosynary cor- poration if it secured a certain amount of other subscriptions, a note given to the corporation to assist it in making up the subscriptions required to earn the promised subscription is, after the securing of the required amount of subscriptions and the payment of the conditional subscription, founded on a sufficient consideration.

Appeal from trial term, Yates county.

Action by Keuka College against George A. Ray. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Action to recover upon an instrument in the following language:

"$500.                                        Keuka Park, N. Y., Dec. 29, 1893.
   "In consideration of founding a college at Keuka Park, Yates county, N. Y., I promise to pay to the treasurer of Keuka College the sum of five hundred dol-

lars on or before the first day of January, 1897, with interest at five per cent., for the purpose of endowing said Keuka College; and, in case I shall die previous to that date, then this note shall become due and ·payable in one year from my decease.

"[Signed]                                        Geo. A. Ray."

Findings of fact and a conclusion of law were made by the trial court. One of the findings of fact is as follows:

"That said note is founded upon an adequate, valid, and sufficient consideration, and was, prior to the commencement of this action, formally indorsed over by the treasurer of the said Keuka College to the plaintiff."

Exceptions were filed to the conclusions of fact, and also to the conclusion of law.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Tabor & Wilkie, for appellant.
M. A. Leary, for respondent.

HARDIN, P. J.    In Barnes v. Perine, 12 N. Y. 23, Judge Allen said:

"An attempt to reconcile all the cases which have been adjudged, touching the validity of voluntary engagements to pay money for charitable, educational, religious, or other public purposes, would be fruitless; for, while circumstantial differences in the cases will explain and satisfactorily account for some of the diversities in the decisions, it will be found that there is, to some extent, a want of harmony in the principles and rules applied as tests of validity to that class of undertakings."

Although several cases have since been decided relating to the questions suggested, the same difficulty arises when one attempts to reconcile and harmonize all the cases.

In the case just quoted from that learned judge further said:

"No principle can be extracted from the decision of Stewart v. Trustees, 2 Denio, 403, for the reason that the several members of that court who assigned reasons for their judgment did not agree upon the principles upon which the case should be decided, although, with a single exception, they concurred in the result; and there is nothing in the decision of the case in this court (Id., 1 N. Y. 581) which conflicts with the view I have taken of the defendant's liability in this action."

In Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. 354, the court of appeals held that:

"A subscription invalid at the time for want of consideration may be made valid and binding by a consideration arising subsequently between the subscribers and the church or corporation for whose benefit it is made."

In the course of the opinion delivered in the case just cited, it was said:

"It is urged that a consideration may be found in the efforts of the trustees of the plaintiff during the year, and the time and labor expended by them during that time, to secure subscriptions in order to fulfill the condition upon which the liability of the subscribers depended. There is no doubt that labor and services rendered by one party at the request of another would constitute a good consideration for a promise made by the latter to the former, based on the rendition of the services. But the plaintiff encounters the difficulty that there is no evidence, express or implied, on the face of the subscription paper, nor any evidence outside of it, that the corporation or its trustees did or undertook to do anything upon the invitation or request of the subscribers." ·

That case therefore differs from the one here.

In Barnes v. Perine, supra, it appeared by the evidence "that the society removed the old church and erected a new one at his request," and the defendant was therefore held liable.

In Marie v. Garrison, 83 N. Y. 26, it was said:

"When a defendant has actually received the consideration of an agreement by a voluntary performance of an act by the other party, upon his proposition or suggestion, such performance constitutes a consideration which will uphold the defendant's promise."

See Miller v. Western College (Ill. Sup.) 52 N. E. 432.

In Society v. Beach, 74 N. Y. 72, in considering a subscription paper, the court held that evidence aliunde the paper might be received to establish the understanding at the time the subscription was made, and the purpose for which the same was given.

In Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. 352, there was no evidence that the corporation or its trustees "did or undertook to do anything upon the invitation or request of the subscribers, or otherwise than as individuals interested in promoting the general object in view, or that it incurred liability on the strength of the subscriptions upon request of the subscribers." That case therefore differs from the one in hand.

For the purpose of interpreting the contract, evidence of Dr. Hall was received of the circumstances antecedent to the execution of the instrument, contemporaneous with the execution of the instrument, and of subsequent events. Such evidence was competent, with a view of furnishing the foundation of implying a request on the part of the defendant. In Hammond v. Shepard, 40 How. Prac. 454, from the evidence given aliunde the instrument upon which the recovery was sought, evidence was received tending to show a request on the part of the defendant to perform certain services, and in that manner a consideration was held to have been established. The evidence received in this case was not for the purpose of contradicting the note. On the contrary, it was received for the purpose of showing the consideration, and such evidence was competent for such purpose. Bookstaver v. Jayne, 60 N. Y. 149.

Dr. Hall informed the defendant of efforts that were being made to raise a sufficient sum of money in order to entitle the plaintiff to receive a subscription from Gen. Magee of $5,000. The defendant encouraged the efforts that were being made, and with a view of facilitating further efforts he executed the instrument in suit; and further efforts were made to raise the $20,000, which Gen. Magee stated, if raised, would induce him to subscribe $5,000. The note of the defendant was used for the purpose of making up the $20,000, after such further subscriptions as were made in behalf of the plaintiff, induced by efforts of its president, and the expenditure of money for the purpose of soliciting and obtaining the subscriptions. The conditions suggested by Gen. Magee were complied with by the plaintiff, and the $20,000 was raised, and Gen. Magee thereupon contributed and paid the $5,000 he had promised to do. The efforts and expenditures made by and in behalf of the plaintiff were induced, to some extent, by the conversations and acts of the defendant.

In the opinion delivered by the learned trial judge, he says:

"The performance of such services, and the expenses attendant thereon, were as much within the principle of the cases cited as if the labor and expense had been devoted to the work and materials of a college edifice."

He cites in support of that proposition Barnes v. Perine, 12 N. Y. 18; Hutchins v. Smith, 46 Barb. 235; Wilson v. Society, 10 Barb. 313; Roberts v. Cobb, 103 N. Y. 600, 9 N. E. 500. The conclusion thus stated meets with our approval, as well as the preceding portions of the opinion.

Judgment affirmed, with costs. All concur.