(42 Misc. Rep. 258.)

COMMERCIAL TRAVELERS' HOME ASS'N OF AMERICA v. McNAMARA.

(Supreme Court, Special Term, Broome County. December, 1903.)

1. CORPORATIONS—SUBSCRIPTION FOR BENEFIT—ACTION TO RECOVER.
    Where a committee was appointed to raise funds for a corporation's benefit, and an amount was contributed, but withheld by the treasurer of the committee, the corporation, after demand and refusal, could maintain an action against him; it appearing that none of the money belonged to or was contributed by him.

Action by the Commercial Travelers' Home Association of America against Catherine McNamara. Judgment for plaintiff.

Carver, Deyo & Hitchcock, for plaintiff.
Edward K. Clark, for defendant.

FORBES, J. This is an action in equity brought by the plaintiff to recover from the defendant, Catherine E. McNamara, a sum of money in her hands raised and advanced by certain individuals, as committees and otherwise, for the benefit of plaintiff corporation, for the building of an institution known as "The Commercial Travelers' Home." The evidence shows that the defendant received at least the sum of $1,000 out of funds contributed and earned by a committee of ladies designated for that purpose, and that she still retains in her hands unexpended the sum of $1,000, which she neglects and refuses to pay over to the plaintiff corporation. The defendant seeks to evade her responsibility upon the theory that the funds do not belong to the plaintiff corporation, claiming that the fund was to be devoted to furnishing said home after the same was erected and completed. The defendant was named as the manager and became the treasurer of said committee for the sole purpose of raising said fund, and she duly entered upon the performance and discharge of those duties, receiving said funds for the purpose of devoting them to building and completing said home.

The subscriptions made by the individuals, and the funds received from the several enterprises so undertaken, beyond any cavil, were paid to the defendant, and received by her for the sole benefit of plaintiff corporation; and under her repeated admissions and declarations, in writing and otherwise, she is now estopped from claiming the fund as her own, or that the fund was in fact to be devoted to other purposes, which the proof does not sustain.

The cases cited by defendant's counsel, viz., Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. 352, 3 L. R. A. 468, 8 Am. St. Rep. 767, and Keuka College v. Ray, 167 N. Y. 96, 60 N. E. 325, do not uphold the defendant's contention, nor are they in point, since the funds were not the defendant's funds, nor were they a part of her voluntary contribution to the enterprise. The funds were accumulated through the enterprise and efforts of persons other than the defendant. The defendant was merely acting for and with them, taking charge of said moneys, not as her own. Nor is there any evidence before the court to show that she contributed anything toward said fund, except to join in the effort and enterprise suggested. A demand was duly made upon the defendant to turn over said fund to said plaintiff corporation, and this she refused to do. I am convinced that justice requires that the defendant shall respond to the equities in this action. Judgment is therefore ordered in favor of the plaintiff against the defendant in the sum of $1,000, together with the interest thereon from and after the time when said demand was made.

Judgment for plaintiff.