[No. 12228.    Department One.    April 5, 1915.]

YOUNG MEN'S CHRISTIAN ASSOCIATION OF WENATCHEE,
*Respondent*, v. OLDS COMPANY, *Appellant*, A. J. OLDS
*et al., Defendants.*[1]

SUBSCRIPTIONS—LIABILITY—CHANGE OF PLAN.  A subscriber for a
building fund for the erection of a Y. M. C. A. building, planned to
cost $35,000 but which in fact cost $66,295, cannot, on that ground,
escape liability, when the only condition attached to the subscription
was that $25,000 should be raised before a certain date and that con-
dition was fully met; the enlargement of the scope and purpose of
the beneficiary and the increase in the subscription fund constitut-
ing no detriment to defendant.

SAME.  Where a subscriber to a building fund permits work on
the construction of the building to be carried on for a length of time,
he will be regarded as acquiescing in a change in plans whereby its
cost was greater than originally contemplated, and cannot urge that
fact as relieving him of liability.

Appeal from a judgment of the superior court for Chelan
county, Grimshaw, J.; entered February 5, 1914, upon find-
ings in favor of the plaintiff, in an action on a subscription
contract, tried to the court.  Affirmed.

*Reeves, Crollard & Reeves*, for appellant.

*Cade & Barrows*, for respondent.

HOLCOMB, J.—Defendants, for and on behalf of appel-
lant, The Olds Company, a corporation, signed and delivered
to a solicitor raising a fund for the construction of a Young
Men's Christian Association building in Wenatchee, a sub-
scription agreement in writing as follows:

"$35,000.00 Y. M. C. A. Building Fund.
"$250.                    Wenatchee, Wash., 5-27, 1910.
"For the purpose of purchasing a site and erecting a
building for the proposed Wenatchee Young Men's Chris-
tian Association, and in consideration of the gift of others, I
hereby agree to give the sum of Two Hundred Fifty Dollars

[1]Reported in 147 Pac. 406.

on condition that at least $25,000 is raised before May 29, 1910. Payable in two equal consecutive installments: $125 Dec. 31, 1910   $125 Dec. 31, 1911

"The Olds Company,

"By A. J. Olds, A. W. Olds and J. T. Olds."
"Two Hundred and Fifty Dollars Club 25 needed. (Obtained by Collier of Company I, Collier Captain.)"

The agreement was accepted by the respondent, and subscriptions aggregating the specified sum of $25,000 were obtained prior to May 29, 1910. The building cost a large sum in excess of the $35,000 originally contemplated, and other subscriptions were solicited and received to meet the total cost, amounting to $66,295. Defendants refused to pay the amount of their subscription agreement at the times therein specified, or at all, and this action was begun to recover the amount thereof, and judgment was granted in favor of respondent and against the appellant, The Olds Company, a corporation, alone, for the amount of the subscription agreement, with interest. From the judgment, The Olds Company appeals.

The appellant first lays great stress upon the clause at the head of the subscription agreement, reading: "$35,000 Y. M. C. A. Building Fund," the same having been printed in red ink, and insists that this was a guaranty to the subscriber that the building should cost not to exceed $35,000. Appellant insists that the erection of a building greatly exceeding in cost the original contemplation of $35,000 was a violation of the subscription agreement and invalidated it, upon the principle that "any material change in the plan or purpose for which the subscription was made cannot be effected without the consent of the subscriber. He is thereby released unless there has been a waiver, or unless he has estopped himself to deny his consent to the change." 37 Cyc. 498. The reason underlying that principle is that there is a failure of consideration. *Presbyterian Church of Albany v. Cooper*, 112 N. Y. 517, 20 N. E. 352, 8 Am. St. 767, 3 L. R. A. 468.

It is undoubtedly true that a diversion of the funds from one avowed purpose to another purpose would release a subscriber. Thus, if a subscription were obtained to build a church and it was used to build a business block, the subscriber would be released, unless he consented thereto. And so, manifestly, if the funds subscribed were not used at all, but retained and appropriated by the promisee to his own use. But here the funds were not diverted nor misappropriated. They were used to construct the building contemplated. The single condition specified in the agreement was that it was to be effective only upon $25,000 being subscribed by May 29, 1910. This condition was met. The purpose and plan of the beneficiary were strictly pursued. The fact that the scope and purpose of the beneficiary were enlarged and the subscription fund increased constituted no detriment to appellant, and, in the light of the circumstances, will not release it. Even though representations were positively and expressly made to a subscriber that the building to be constructed should cost no more than $35,000, "Where a representation which induced the subscription is promissory in its nature, and not a statement of existing fact, it has been held that the contract cannot be avoided by a subscriber because of such misrepresentation." 37 Cyc. 494; *Paddock v. Bartlett*, 68 Iowa 16, 25 N. W. 906; *Perkins v. Bakrow*, 45 Mo. App. 248. It is generally held that, if work has been done or expenditure has been made upon the faith of and in reliance upon a subscription, a consideration is thus furnished to support the promise. 37 Cyc. 486; *Strong v. Eldridge*, 8 Wash. 595, 36 Pac. 696. Moreover, where the subscriber permits the work to be carried on for a length of time without objection, as was the case here, he will be regarded as acquiescing in the acts done, and will not be relieved from payment of the subscription on the ground that the plan has been changed and the work is of no benefit. *Ex parte Booker*, 18 Ark. 338.

The conditions attached to appellant's subscription promise were fully met. The judgment appealed from is right, and is affirmed.

MORRIS, C. J., MOUNT, and PARKER, JJ., concur.