Russian Symphony Society, Inc., Respondent, *v.* Carl
A. Holstein, Appellant.

(Supreme Court, Appellate Term, First Department, October Term
— Filed November, 1920.)

Subscriptions — lack ᵢ of consideration.

> Where subscribers for a recited consideration not paid agreed
> with the "Russian Symphony Society, Inc.," to pay for each
> of three seasons the amounts set opposite their respective names
> but there is no reciprocal promise of said society or any other
> party, the agreement of an individual subscriber is void for
> want of mutuality.

Appeal by defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, ninth district, in favor of plaintiff, after
a trial by a judge without a jury.

A. Stedman Jameson, for appellant.

Louis J. Bernstein, for respondent.

Bijur, J. The sole question involved on this appeal
is the enforcibility of a contract in the following form:

" We, the undersigned, desiring to help the Russian
Symphony Society to produce and conduct a series of
high class orchestral concerts consisting largely of
music by Russian composers during the season of
1917 and 1918, and for the two succeeding seasons
(making three seasons in all) and in further con-
sideration of one dollar ($1.) each to the other paid,
do hereby agree with the Russian Symphony Society
(Incorporated) to pay, for each season, the amounts
set opposite our respective name, in accordance with

the terms of this agreement when and as called for by vote of the Board of Directors of the said Russian Symphony Society. Twenty per cent (20%) of the amount subscribed may be called for after November 1st, 1917, as working capital.

" Should the receipts equal the expenditures the amounts called for and paid by the subscribers shall be returned. The profits, if any, shall be subject to the disposal of a majority vote of the subscribers."

(Amongst the names appended thereto appears the defendant's name as follows:)

" C. A. Holstein    120 B'way    Fifty Dollars."

The appellant urges, and I think correctly, that the agreement is void for want of mutuality. Neither plaintiff nor any other party undertakes any promise reciprocal to the agreement of defendant to pay the $50. *Presbyterian Church* v. *Cooper,* 112 N. Y. 517. Nor can the agreement under its terms be construed either as an offer or request on the part of the defendant so as to make it binding in the event of performance by the plaintiff. *Keuka College* v. *Ray,* 167 N. Y. 96. The mere recital of one dollar paid to defendant need not be discussed as it seems to have been conceded that no such payment was made.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

Delehanty and Wagner, JJ., concur.

Judgment reversed, with thirty dollars costs.