[No. 16619. Department Two. December 2, 1921.]

J. R. Ellison *et al., Respondents,* v. J. E. Keith *et al., Appellants.*[1]

Subscriptions (3) — Contract — Liability — Right to Rescind Agreement. Subscribers to a Chautauqua course of entertainment to be given in their town as part of a circuit have no right to revoke the contract, since the contract in suit, with like contracts, forms the consideration for the overhead cost of the undertaking and the expense of employing lecturers and entertainers for the course.

Appeal from a judgment of the superior court for Clarke county, Blake, J., entered November 17, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Crass & Hardin,* for appellants.

*Geo. W. Gearhart,* for respondents.

Hovey, J.—In this case the respondents, who operate a chautauqua, sued the appellants as subscribers to a contract by the terms of which appellants agreed to take a certain number of tickets for an indoor chautauqua to be held at Ridgefield, in this state, in the season of 1917. The contract is dated March 22, 1917.

On August 7, 1917, the appellants signed a written revocation of this agreement and the same was received by the respondents within a few days thereafter.

The contract in question is one of eighty-seven similar contracts obtained by the respondents for that season in as many different towns and cities. Prior to this notice of revocation, the respondents secured the services and had under contract various individuals to give the performances contemplated for the entire season and had made considerable outlays for

[1]Reported in 202 Pac. 241.

advertising matter, and had also been to the expense
of securing the contracts for the performances in the
various places. After the receipt of this notice from
the appellants, respondents went ahead with their part
of the contract and tendered performance during the
month of November of the same year.

The trial court gave judgment in favor of the re-
spondents and against the appellants for the full
amount called for by the contract.

Appellants contend that this is a subscription con-
tract and that they had the right to rescind it at any
time before the money was spent in the performance
of it, and that, in this case, the contract could be re-
voked in August without causing any injury to the
respondents, and cited in support of their contentions
9 Cyc. 323; 37 Cyc. 486. Appellants also cite *Strong
v. Eldridge,* 8 Wash. 595, 36 Pac. 696; *Young Men's
Christian Ass'n v. Olds Co.,* 84 Wash. 630, 147 Pac.
406; *Depauw University v. Ankeny,* 97 Wash. 451, 166
Pac. 1148, which are all cases in which subscription
contracts were sustained, for the purpose of distin-
guishing them from the present case. It is doubtful
if the present case is that of a subscription contract,
as the consideration to be received was tickets for
which the purchasers were presumed to receive a value
in the way of intellectual stimulation or entertain-
ment, and while the subscribers would each need only
one ticket, yet they had it in their power to pass on
this privilege to other persons who would receive a
like service, and to collect a compensation therefor.

But, in our opinion, even viewed as a subscription
contract, the appellants are in error in treating this
contract as involving Ridgefield alone. This contract
and the eighty-six other contracts obtained were the
basis for the action of the respondents in securing the
services of all of its entertainers and lecturers, in in-

curring its overhead expense and procuring its advertising matter, and if one set of subscribers may rescind, so may several or all, and the mere fact that this is only a fractional part of the money which was to be received would not relieve the transaction from applying the ordinary rules relative to a contract.

On the case as made out and the contentions made by the appellants, we think the respondents are entitled to recover, and the judgment appealed from is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and BRIDGES, JJ., concur.