[No. 9347–9–I.  Division One.  June 13, 1983.]

HAROLD F. ROTH, *Appellant,* v. KENNETH G. KAY,
ET AL, *Respondents.*

*Inslee, Best, Chapin, Uhlman & Doezie, P.S.,* and *Thomas Grimm,* for appellant.

*Craig Kastner,* for respondents.

WILLIAMS, J.—Harold F. Roth brought this action against Dr. Kenneth Kay for not filing his application for workers' compensation with the Department of Labor and Industries. The cause was dismissed on motion for summary judgment, the trial court ruling that RCW 51.28.020 precluded any action against the doctor for negligently not filing the application because it was the nondelegable duty of Roth to file it. Roth appeals; we reverse.

In November 1969, Roth injured his back at work and was treated by Dr. Kay beginning in July 1970. After filling out the worker's portion of a 3–part compensation claim form furnished by Kay's office, Roth gave it to Kay for completion of the physician's certificate, the second part.[1] The claim was not filed within 1 year of the injury as required by RCW 51.28.050 so the Department denied Roth's application to reopen when he aggravated his back condition in June 1974. Roth said that he "was under the impression from the things told to me by the staff person at the desk that Dr. Kay would file the claim form and that nothing more need be done by me."

Kay contended and the court in granting summary judgment agreed that the worker has the burden of filing the application for benefits. *Pate v. General Elec. Co.,* 43 Wn.2d 185, 260 P.2d 901 (1953), *adhered to on rehearing,*

---

[1]The first section of the report, for the employer, is set off by a perforated line; the employee's report (part 2) and the physician's certificate (part 3) follow. At the bottom there are instructions in distinctive type:

EMPLOYEE: COMPLETE PART II, "EMPLOYEE'S REPORT."

PHYSICIAN: COMPLETE PART III, "PHYSICIAN'S REPORT." DETACH THE "EMPLOYEE–PHYSICIAN" SECTION OF PAGE 1 AT THE PERFORATION ABOVE THE SHADED AREA AND IMMEDIATELY MAIL DIRECT TO THE DEPARTMENT OF LABOR & INDUSTRIES, OLYMPIA, WASHINGTON 98504. DETACH PAGE 3 FOR YOUR RECORDS AND PROMPTLY MAIL THE BALANCE OF THE FORM INTACT (EMPLOYER'S REPORT AND PAGE 2) TO THE EMPLOYER.

44 Wn.2d 919, 269 P.2d 589 (1954); *Leschner v. Department of Labor & Indus.,* 27 Wn.2d 911, 185 P.2d 113 (1947). In *Leschner,* the court held that the Department has no responsibility for the filing and in *Pate* the court held that the employer has no responsibility to the injured worker for either reporting the accident to the Department or informing him of his rights under the workers' compensation act. It is therefore established that to be awarded benefits a worker's claim must be filed within the time prescribed.

██ But Roth's claim is not for benefits under the workers' compensation act; rather, it is an action for damages against his attending physician for not filing parts II and III of his application with the Department. Because the action is based upon negligence, the governing rule is stated in *Lewis v. Scott,* 54 Wn.2d 851, 856, 341 P.2d 488 (1959) as follows:

> The elements of actionable negligence are (1) the existence of a duty, (2) the breach thereof, which must be a proximate cause of the injury, and (3) the resulting damage. *Pate v. General Electric Co.,* 43 Wn. (2d) 185, 260 P. (2d) 901 (1953); *McCoy v. Courtney,* 25 Wn. (2d) 956, 172 P. (2d) 596, 170 A. L. R. 603 (1946); 65 C. J. S. 324, § 2.

The question, therefore, is not whether Roth had the duty of filing with the Department to gain workers' compensation benefits but whether Dr. Kay owed him, Roth, the duty of doing so. Dr. Kay's statutory duty as the attending physician is contained in RCW 51.28.020 which reads as follows:

> Where a worker is entitled to compensation under this title he or she shall file with the department or his or her self–insuring employer, as the case may be, his or her application for such, together with the certificate of the physician who attended him or her, and it shall be the duty of the physician to inform the injured worker of his or her rights under this title and to lend all necessary assistance in making this application for compensation and such proof of other matters as required by the rules of the department without charge to the worker. If

application for compensation is made to a self–insuring employer, he or she shall forthwith send a copy thereof to the department.

The requirement that Dr. Kay lend "all necessary assistance" is arguably carried into the instructions on the claim form (footnote 1) that he detach at the perforation and send parts II and III to the Department.

If the undertaking is found to be gratuitous, the correct rule to be applied is stated by Judge Cardozo as follows:

> It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all . . .

*Glanzer v. Shepard,* 233 N.Y. 236, 239, 135 N.E. 275, 276 (1922). This principle was applied in establishing a duty of care in a tort case involving a rescue undertaking. *French v. Chase,* 48 Wn.2d 825, 297 P.2d 235 (1956). *See also Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 300, 545 P.2d 13 (1975). In contracts a similar duty may arise:

> A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Restatement of Contracts § 90 (1932). *See YMCA v. Olds Co.,* 84 Wash. 630, 147 P. 406 (1915).

Or, there may be a reasonable inference from the facts that Dr. Kay had an expectation of financial gain from the opening of the claim, thus providing consideration for the undertaking. *DePauw Univ. v. Ankeny,* 97 Wash. 451, 166 P. 1148 (1917). *See also Ellison v. Keith,* 117 Wash. 648, 202 P. 241 (1921).

■ Issues of negligence are ordinarily not susceptible of summary adjudication. *Rathvon v. Columbia Pac. Airlines,* 30 Wn. App. 193, 633 P.2d 122 (1981), *review denied,* 96 Wn.2d 1025 (1982). There is a genuine issue of material fact as to Dr. Kay's negligence, if any, in not sending in the claim. *See Garbell v. Tall's Travel Shop, Inc.,* 17 Wn. App.

352, 563 P.2d 211 (1977).

The judgment is reversed and the cause remanded for trial.

CALLOW, J., concurs.
ANDERSEN, C.J., concurs in the result.

Reconsideration denied September 13, 1983.

Review denied by Supreme Court November 18, 1983.