Keuka College, Respondent, *v.* George A. Ray, Appellant.

1. Contract — Consideration. Where a voluntary promise to pay money, expressly or impliedly, either imposes upon the promisee some obligation, or requests of the promisee the performance of services upon the strength of the promise, if the conditions are met, there is a consideration which will suffice to uphold the agreement and the promisee may compel payment.

2. Evidence Tending to Show Nature of Consideration. In an action to recover upon a promissory note given "in consideration of founding a college," testimony of the person who procured the note as to what was said and done by and between him and the maker, at the time the note was given, tending to show that the plaintiff undertook to perform acts and services upon the invitation or request of the defendant, is not open to the objection that it tended to contradict or to vary the written agreement, but is admissible and proper to establish that there was a good consideration for the note in the acts undertaken to be performed by the plaintiff upon the strength and inducement of the promise.

*Keuka College* v. *Ray,* 41 App. Div. 200, affirmed.

(Submitted May 2, 1901; decided May 10, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 14, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Tabor* for appellant. The promise of the defendant was at most an executory gift to pay at a future time by the provisions of a note, and, therefore, void. (*Wilson* v. *B. E. Soc.*, 10 Barb. 315; *Harris* v. *Clark*, 3 N. Y. 111; *Matter of James*, 146 N. Y. 94; *T. T. S. B. Church* v. *Cornell*, 117 N. Y. 604; *Dodge* v. *Pond*, 23 N. Y. 78; *Van Rensselaer* v. *Aiken*, 44 N. Y. 134.) The endowment of a literary institution is not a sufficient consideration to uphold a subscription to a fund designed for that object. (*Trustees Hamilton College* v. *Stewart*, 1 N. Y. 581; *Stewart* v. *Trustees Hamilton College*, 2 Den. 422; *Presby. Church* v. *Cooper*, 112 N. Y. 523; *T. T. St. Baptist Church* v. *Cornell*, 117 N. Y. 601.) The testimony of Ball, as to what took place at the time of the signing of the paper writing and his declarations to defendant, was inadmissible for the purpose of proving a consideration for the defendant's subscription, and the exception to the reception of this evidence was well taken. (*Case* v. *P. B. Co.*, 134 N. Y. 78; *House* v. *Walch*, 144 N. Y. 421; *Emmett* v. *Penoyer*, 151 N. Y. 567; *Stowell* v. *G. Ins. Co.*, 163 N. Y. 298; *Snyder* v. *Lindsey*, 157 N. Y. 616.)

*M. A. Leary* for respondent. The plaintiff has shown a full and sufficient consideration to sustain the note. (*Barnes* v. *Perine*, 12 N. Y. 18; *W. & O. C. Institute* v. *Smith*, 36 Barb. 576; *Trustees Ham. College* v. *Stewart*, 1 N. Y. 581; *Hutchins* v. *Smith*, 46 Barb. 235; *R. U. Seminary* v. *McDonald*, 34 N. Y. 379; *L'Amoreux* v. *Gould*, 7 N. Y. 349; *Presbyterian Society* v. *Beach*, 74 N. Y. 72; *Roberts* v.

*Cobb,* 103 N. Y. 600.) The testimony of Dr. Ball as to what took place between him and the defendant at the time of making the note was properly received. (*Bookstaver* v. *Jayne,* 60 N. Y. 149 ; *Hammond* v. *Shepard,* 40 How. Pr. 452.)

GRAY, J. This action was brought against the defendant upon a promissory note ; which is in the following language :

" $500.          KEUKA PARK, N. Y. *Dec.* 29, 1893.

" In consideration of founding a college at Keuka Park, Yates Co., N. Y., I promise to pay to the Treasurer of Keuka College, or order, at the office of said college, the sum of five hundred dollars on or before the first day of January, 1897, with interest annually at five per cent., for the purpose of endowing said Keuka College ; and in case I shall die previous to that date, then this note shall become due and payable in one year from my decease."

The defense was that the note was unenforceable, as being without any consideration to support it. The case was tried before a judge, without a jury, and findings of fact were made ; of which one was " that said note is founded upon an adequate, valid and sufficient consideration." The judgment, which the plaintiff recovered, was unanimously affirmed at the Appellate Division and we are concluded from any review of the evidence. Except the correctness of the rulings made by the trial judge, in the admission, or the rejection of evidence, there is nothing open to our consideration ; for the exception to the denial of the motion for a nonsuit presents no question of law within the jurisdiction of this court to review. The grounds advanced in behalf of that motion related to the effect of the evidence upon the issue raised by the pleadings and the unanimous affirmance of the judgment entered upon the decision of the trial court finally settled any question of that nature. With respect to the trial judge's rulings, the principal contention is that the testimony of a witness was improperly admitted to show what took place at the time the note was given. The witness, who gave this

testimony, was Mr. Ball, the president of the board of trustees of the plaintiff, and he was allowed to state what was said and done by, and between, him and the defendant.    It seems that in 1892 a charter had been granted by the board of regents of the university of this state, provisionally incorporating the plaintiff, until the requirements prescribed by law, or by the university ordinances, should be fully met.    The witness endeavored to procure subscriptions to the amount of $100,000, which the law required as a corporate fund, in order that the plaintiff might receive a permanent charter, and, among others, he approached the defendant.    He informed him concerning the plaintiff's project and that Gen. George J. Magee had promised, in the event of $20,000 being raised within a given time, to give $5,000 to the fund.    Seven or eight thousand dollars of the $20,000 had, already, been subscribed and the college was endeavoring to raise the balance.    The defendant, then, gave the note in question and, subsequently, the plaintiff was successful in meeting the conditions of Gen. Magee's promise, through subscriptions to the amount of $20,000, being made.    The college, through its agents, not only spent time and money in getting these further necessary subscriptions, as this testimony showed, but procured an extension of its provisional charter from the regents, to enable it to complete its required fund.    The defendant objected to this testimony by Ball and excepted to the rulings under which it was admitted. His argument is that, as the defendant's agreement was in writing and the consideration specifically named therein, the evidence tended necessarily to affect and change the written contract.

The question of the enforceability of agreements of the nature of the one in question has been frequently the subject of judicial opinion and we are cited to many cases in the briefs of counsel; but I think the discussion is reduced simply to this, whether the agreement which is sought to be enforced, and which is a voluntary promise on the part of the defendant, expressly, or impliedly, either imposes upon the promisee some obligation, which is assumed, or requests of the promisee

the performance of services, which are to be performed upon the strength of the promise. If those conditions are met, then, within the rule of law, there is a consideration which will suffice to uphold the agreement, or the promise. In this peculiar class of agreements to pay money, those which are conditioned, merely, upon all subscriptions for a like purpose aggregating a certain amount by a certain day, are deemed to · lack the legal consideration to make them enforceable. The doctrine, however, may be regarded as well established that, if money is promised to be paid upon the condition that the promisee will do some act, or perform certain services, then the latter, upon performance of the condition, may compel payment. Nor need a request to the promisee to perform the services be expressed in the instrument; it may be implied. (*Trustees of Hamilton College* v. *Stewart,* 1 N. Y. 581; *Barnes* v. *Perine,* 12 *ib.* 18; *Presb. Church of Albany* v. *Cooper,* 112 *ib.* 517.) In the latter case, Judge ANDREWS re-asserts the doctrine, as laid down in the earlier cases, that a naked promise to pay money, bare of any condition, accepted by the promisee, to do something, will not be sustained; but he, very distinctly, recognizes the rule that where there is a request to the promisee to go on and render services, or to incur liabilities, on the faith of a subscription, which request is complied with, the subscription would be binding. It may be observed that the difficulty in the case last mentioned, and which prevented the maintenance of the action upon the defendant's subscription, was, as Judge ANDREWS stated, that there was " no evidence, express or implied, on the face of the subscription paper, *nor any evidence outside of it,* that the corporation, or its trustees, did, or undertook to do, anything on the invitation or request of the subscribers." Now the evidence of the witness Ball showed that the plaintiff was provisionally chartered as a college and that it was necessary to raise a certain sum of money to entitle it to a full charter; that a large sum had been promised, conditionally upon $20,000 being raised by a certain time from others, and that the defendant's promise to pay $500 was a step in the plain-

tiff's proceeding, which invited it to continue its efforts and whereby it was, impliedly, requested to do so and to expend the incidental time and money in accomplishing the purpose.

Ball's evidence was, clearly, not open to the objection that it tended to contradict, or to vary, the defendant's agreement. It furnished an element of proof, the absence of which, in the case of *Presb. Church of Albany* v. *Cooper* (*supra*), defeated the action. That is to say, the testimony of the witness was evidence *aliunde* the contract to show that the plaintiff undertook to, and did, perform acts and services upon the invitation, or request, of the defendant. Where the question is one between the original parties to the instrument, as in this case, proof may be made of the consideration and of such facts, attending the making and delivery of the note, as are not inconsistent with the instrument. (*Bookstaver* v. *Jayne*, 60 N. Y. 146.) Within the cases of *Barnes* v. *Perine* and *Presb. Church of Albany* v. *Cooper* (*supra*), the evidence of Ball was admissible, and was proper, to establish that there was a good consideration for the defendant's promise in the acts undertaken to be performed by the promisee upon the strength and inducement of the promise.

For these reasons I think that the judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; MARTIN, J., concurs in result.

Judgment affirmed.