WASHINGTON HEIGHTS METHODIST EPISCOPAL CHURCH, Plaintiff, *v.* WALTER R. COMFORT, JR., HAROLD W. COMFORT and WILLIAM J. WELLER and Others, as Executors, etc., Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, November 1, 1930.

*Ralph M. Frink,* for the plaintiff.

*Beals & Nicholson,* for the defendants.

PRINCE, J. This is an action based upon a promise orally made by the decedent, Walter R. Comfort, to give $1,000 to the plaintiff church.

Dr. Jacob Price, pastor of the plaintiff church, was called by the plaintiff, and was the sole witness at the trial. The facts adduced by the testimony of Dr. Price may be summarized as follows:

The deceased, Walter R. Comfort, had been a member of the church for over twenty years, and had been active in its affairs as a member of the board of trustees and as president of the board of trustees. He had made liberal contributions from time to time. Dr. Price had been pastor of the church for an even longer period of time, and there existed between him and Mr. Comfort such friendship and regard as would naturally arise during the course of an association of such long standing in an activity of common interest. Dr. Price and Mr. Comfort had a mutual friend in Mr. W. P. Tanner, who was also a trustee of the church, of which he had been a member for many years, and who had also made substantial contributions to it. The contributions of these and other members went into a fund or budget, out of which the expenses

of the church, including the salary of Dr. Price, were paid for the current year.

Early in January, 1928, Dr. Price visited Mr. Comfort at his home, and on that occasion asked Mr. Comfort to give $1,000 to the church. Mr. Comfort promised to do so, if Mr. Tanner would give an additional $400. Dr. Price appealed to Mr. Tanner, explained to him that Mr. Comfort's gift of $1,000 was conditioned on Mr. Tanner's promise to give $400, and Mr. Tanner thereupon promised to give $400 and subsequently did give $400. The day after this conversation between Mr. Comfort and Dr. Price, Mr. Comfort left for the south, and Dr. Price did not see him again until October, 1928, when he attended services at the church. At this time Mr. Comfort and Dr. Price had a conversation in which Mr. Comfort asked about the church finances, and said that he had to go to Cleveland, but that on his return he would meet with the finance committee of the church at a luncheon where the finances were to be considered (as was the custom), and straighten everything out. But on the train returning from Cleveland, Mr. Comfort suffered a stroke from which he died without regaining consciousness on October 28, 1928.

On the above facts, the defendant's counsel raises two serious questions of law to defeat the claim of the plaintiff church. The first ground urged by the defendant is that Dr. Price is not a competent witness under section 347 of the Civil Practice Act, and the second ground of contention is that there was no consideration for Mr. Comfort's promise.

As to the first point, the court is of the opinion that any interest which Dr. Price may have in the outcome of this litigation is not such as would disqualify him under the Civil Practice Act. The considerations which impel the court to this view are as follows: While it is true that Dr. Price is paid out of a fund or budget which derives its income from the resources of the church, the contribution of no single member of the church is specifically set apart to pay Dr. Price. The fund is replenished from many sources, and it in no way appears that Dr. Price would not receive his salary if the contribution for which this action is maintained is not paid by the estate of Mr. Comfort. On such an indirect and remote interest as is here involved, the courts have been hesitant to disqualify a witness. As was said in *Bopple* v. *Supreme Tent, etc., of Maccabees* (18 App. Div. 488): " The interest which disqualifies is a direct legal interest in the event of the action in which the witness is called to testify, and the fact that the secondary or remote effect of the judgment may indirectly affect the pecuniary interest of the witness does not disqualify him."

Nor can the defendant estate prevail in its second contention,

namely, that there was no consideration for the contract. An examination of the authorities in cases of a similar class supports the view that the consideration involved here was the promise and undertaking on the part of Dr. Price to appeal to Mr. Tanner for a contribution. In the case of *Keuka College* v. *Ray* (167 N. Y. 96, 98) there was a promise to contribute $500 " in consideration of founding a college at Keuka Park." With regard to the consideration, the court said: " * * * if money is promised to be paid upon the condition that the promisee will do some act, or perform certain services, then the latter, upon the performance of the condition, may compel payment."

The courts have been zealous to find a consideration in cases of this kind, and they have gone much further than we are called upon to go here. Thus, in the case of *Allegheny College* v. *National Chautauqua Co. Bank* (246 N. Y. 369) the liability of the promisor is upheld upon the ground that the promisee assumed a duty merely by *implication*, in accepting the gift. The court in that case said: " It was long ago said that ' when a thing is to be done by the plaintiff, be it never so small, this is a sufficient consideration to ground an action.' "

In the case at bar Mr. Comfort made the act of the plaintiff an express condition of the gift, and, therefore, we are not required to indulge in any implications.

*Matter of Conger* (113 Misc. 129) was also a case in which the court upheld the right of the promisee to recover upon the consideration that the promisee secure other subscriptions for the same purpose.

In view of the facts above set forth, and the state of the law as disclosed by the above-mentioned and other authorities, this court is of the opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff for $1,000.