STANLEY C. EATON, Respondent, *v.* BERNARD REICH, Appellant.

(Argued December 3, 1931; decided January 5, 1932.)

*Harry A. Gordon* for appellant. A subscription for bonds is an agreement to lend money, and upon breach the amount of the loan is not recoverable. No special damages were alleged or proved and the recovery should have been limited to nominal damages. (*Brownell* v. *Town of Greenwich*, 114 N. Y. 518; *Avalon Construction*

*Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137; *B., E. & C. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 123 N. Y. 316; *All American Securities Co.* v. *Foundation Co.*, 211 App. Div. 684; *Spielvogel* v. *Veit*, 197 App. Div. 804; *First Nat. Bank* v. *Story*, 200 N. Y. 346.)

*Abraham Unger* for respondent. The correct measure of damage is the amount of the defendant's subscription. (*Keuka College* v. *Ray*, 167 N. Y. 96; *Allegheny College* v. *National Chautauqua County Bank*, 246 N. Y. 369; *Thomas County Cooperative Business Assn.* v. *Pearson*, 124 Kan. 430; *Matter of South*, 205 Ala. 31; *Huron Lodge* v. *Hinckley*, 50 S. D. 355; *United Masonic Temple* v. *Harris*, 242 Ill. App. 296; *American Legion* v. *Thompson*, 121 Kan. 124; *Bradford R. R. Co.* v. *New York R. R. Co.*, 123 N. Y. 316; *Johnson* v. *Marks*, 66 Misc. Rep. 153; *Baldwin* v. *United States Telegraph Co.*, 45 N. Y. 744; *Southern Cotton Oil Co.* v. *Hiflin*, 99 Fed. Rep. 309.) The agreement was intended to and did create a subscription contract between the Level Club and the defendant. (*Keuka College* v. *Ray*, 167 N. Y. 96; *Locke* v. *Taylor*, 161 App. Div. 44; *Russian Symphony Society* v. *Halstein*, 199 App. Div. 353; *Allegheny College* v. *National Chautauqua County Bank*, 246 N. Y. 369; *Thomas County Cooperative Business Assn.* v. *Pearson*, 124 Kan. 430; *Busch* v. *Stromberg Carlson Tel. Mfg. Co.*, 217 Fed. Rep. 328; *Laney* v. *Faulkner County Hospital*, 292 S. W. Rep. 364; *G. & S. W. R. R. Co.* v. *Ennor*, 116 Ill. 55; *Huron Lodge* v. *Hinckley*, 50 S. D. 355; *United Masonic Temple* v. *Harris*, 242 Ill. App. 296; *American Legion* v. *Thompson*, 121 Kan. 124; *Eastern Plank Road Co.* v. *Vaughn*, 14 N. Y. 546; *Eastern States Agricultural & Industrial League* v. *Vial's Estate*, 97 Vt. 495; *Matter of South*, 205 Ala. 31.)

POUND, J. The action is on a subscription agreement, assigned to plaintiff, which reads as follows:

" Subscription to Building Fund of the Level Club, Inc.,

" 922 St. Nicholas Avenue, New York.

" The undersigned hereby subscribes for the number of 6% Gold Bonds of the Building Fund of the Level Club, Inc., indicated below, and does hereby agree to pay the Treasurer of the Building Fund of the Level Club, Inc., for said bonds at the rate of $100 per bond, in equal monthly installments.

" It is hereby distinctly understood and agreed that said bonds shall be used for the purpose of creating a fund to be known as the Building Fund of the Level Club, Inc., to obtain, construct, furnish and equip the New Building for said Level Club.

" Interest will be paid on each unit of $100 received.

" Name, Bernard Reich.                    No.

" Residence, 838 West End Avenue.

" Business Address, 40 St. and 7th Ave.

" Business Phone, Penn. 2800.   Home Phone, Riverside 0867.

" Number of Bonds Subscribed, 50.   Amount Subscribed, $5,000.00.

" To be paid in 4 installments.

" Dated, New York, *Feb.* 15th, 1927.

" BERNARD REICH."

The Level Club, Inc. is a membership corporation. In reliance on this and other like subscriptions it built and equipped a club house.   Defendant contends that the paper sued on is nothing more than an agreement to make a loan and that on the subscriber's default, in the absence of pleading and proof of special damages, only nominal damages are recoverable. (*Avalon Construction Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137.)   The courts below have held that the paper is a subscription of money made to the Level Club, Inc. which is sustained by a consideration and may be enforced for the full amount

thereof. (*Allegheny College* v. *National Chautauqua Co. Bank*, 246 N. Y. 369.)

When a club or other membership corporation seeks to raise a building fund for the purpose of erecting a club house at least three courses are open to it:

*First.* It may solicit subscriptions to the fund and, while such subscriptions may not be "squared with the doctrine of consideration in all its ancient rigor" (CARDOZO, Ch. J., in *Allegheny College* v. *National Chautauqua Co. Bank, supra*, p. 374), the courts have been solicitous to enforce them by holding whenever possible that a consideration was given whereby an offer was converted into a promise and a contract was created. Such is not the case before us for no intention to make a gift to the building fund appears. The subscriber might have thought that he would not see his money again but the transaction took the form of an offer to buy bonds if the club would build a club house and not of a promise to give money in that event.

*Secondly.* It may organize a stock corporation for the purpose of erecting and equipping the club house and solicit subscriptions to its stock. Subscriptions to the shares of a corporation may be collected by it. (Stock Corp. Law; Cons. Laws, ch. 59, § 68.) The subscriber purchases a shareholder's right in the corporation for which he must pay in accordance with the terms of his subscription. The consideration may be inadequate but that is the subscriber's affair. The result may be no dividends and nothing to distribute at dissolution but the contract is definite and certain. Here we have no promise to purchase property of any sort. The bonds were to be issued as evidence of a debt owing from the Level Club, Inc. to the subscriber. The bond of the obligor is in the hands of the obligee a mere promise to pay. Refusal to take such a bond is the breach of a promise to loan money. Nothing more.

*Thirdly.* It may borrow the money. It may endeavor

to obtain a single building loan from some bank or loan association but. oftener it undertakes to sell bonds to as many of its members or prospective members as possible in small denominations. Such a transaction is essentially a loan of money on a promise of repayment. Subscribers to the agreement to take such bonds may be willing to forego the prospect of collecting principal and interest in full yet they have at least the hope that the bread which they cast on the water may return after many days. Such was the course pursued by the Level Club, Inc. The distinction between a charitable subscription, a stock subscription and an agreement to loan money is basic and may not be disregarded.

The club house was built without the money which defendant agreed to lend it. It is elementary that " a breach of contract to make a loan, standing by itself, involves no legal damage. (KELLOGG, J., in *Avalon Construction Corp.* v. *Kirch Holding Co., supra,* 141.)

It may be inferred that the subscriber would not have made a " gift " of his money to the Level Club, Inc. if the proposition had been put to him in that form. At least, the corporation did not ask him to promise to give money if it would use the money to build the house. If it would build the house, defendant promised to lend $5,000 to that end. The money may have been obtained from other sources. In that event, no legal damage was involved. One man's money was as good as another's. An inability to obtain the money elsewhere may have caused the corporation special damage, but no peculiar circumstances are disclosed which suggest that fact.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.