I. & I. Holding Corporation, Respondent, *v.* Isidor Gainsburg, Appellant.

Submitted November 17, 1937; decided January 11, 1938.

428

*Bernard Hershkopf* for appellant. The pledge sets forth no legal consideration for the defendant's promise. (*Pershall* v. *Elliott*, 249 N. Y. 183; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Melnick* v. *Kukla*, 228 App. Div. 321; *De Cicco* v. *Schweizer*, 221 N. Y. 431; *Fire Ins. Assn.* v. *Wickham*, 141 U. S. 564; *Philpot* v. *Gruninger*, 14 Wall. 570; *Dougherty* v. *Salt*, 227 N. Y. 200; *Walton Water Co.* v. *Village of Walton*, 238 N. Y. 46; *Matter of Smathers*, 153 Misc. Rep. 132; *Macedon & Bristol Plank Road Co.* v. *Snediker*, 18 Barb. 317; *Utica & S. R. Co.* v. *Brinckerhoff*, 21 Wend. 139; *Remmey* v. *Van De Carr*, 177 App. Div. 237; *Presbyterian Church of Albany* v. *Cooper*, 112 N. Y. 517; *Twenty-third St. Bap. Church* v. *Cornell*, 117 N. Y. 601; *Trustees of Hamilton College* v. *Stewart*, 1 N. Y. 581; *Hull* v. *Pearson*, 38 App. Div. 588; *Matter of Tummonds*, 160 Misc. Rep. 137.) The plaintiff may not rely on any consideration other than that specified in the subscription. (*Philpot* v. *Gruninger*, 14 Wall. 570; *De Cicco* v. *Schweizer*, 221 N. Y. 431; *Dougherty* v. *Salt*, 227 N. Y. 200; *Walton Water Co.* v. *Village of Walton*, 238 N. Y. 46; *Hyde* v. *United States*, 225 U. S. 347; *Sturmdorf* v. *Saunders*, 117 App. Div. 762; 190 N. Y. 555; *Budro* v. *Burgess*, 197 Mass. 74; *Vivirito* v. *N. Y. C. & H. R. R. R. Co.*, 177 App. Div. 294; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139; *Moffat Coal Co.* v. *Miller*, 173 Ill. App. 408; *Cocks* v. *Barker*, 49 N. Y. 107; *Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *Medical College Laboratory* v. *N. Y. University*, 178 N. Y. 153.) None of the alleged considerations not specified in the writing has any validity. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Melnick* v. *Kukla*, 228 App. Div. 321; *Glahn* v. *Clark*, 251 App. Div. 747; *Trustees of Hamilton College* v. *Stewart*, 1 N. Y. 581; *Bridgewater Academy* v. *Gilbert*, 2 Pick. 579; *Presbyterian Church of*

*Albany* v. *Cooper,* 112 N. Y. 517; *Matter of Taylor,* 251 N. Y. 257.) The doctrine of promissory estoppel is no part of our law. (*Matter of Tummonds,* 160 Misc. Rep. 137; *Presbyterian Church of Albany* v. *Cooper,* 112 N. Y. 517; *Allegheny College* v. *National C. C. Bank,* 246 N. Y. 369; *Martin* v. *Meles,* 179 Mass. 114; *Thorne* v. *Deas,* 4 Johns. 84; *Trustees of Hamilton College* v. *Stewart,* 1 N. Y. 581; *Kent* v. *Jamestown St. R. Co.,* 205 N. Y. 361; *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281.) In any event no basis exists for the application of the doctrine of promissory estoppel. (*Ambler* v. *Smith,* 237 App. Div. 226; *Matter of Taylor,* 251 N. Y. 257; *Clark* v. *Dillon,* 97 N. Y. 370; *Jacobs* v. *Monaton R. I. Corp.,* 212 N. Y. 48; *Trustees of Hamilton College* v. *Stewart,* 1 N. Y. 581; *Presbyterian Church of Albany* v. *Cooper,* 112 N. Y. 517; *Hull* v. *Pearson,* 38 App. Div. 588; *Twenty-third St. Bap. Church* v. *Cornell,* 117 N. Y. 601; *Keuka College* v. *Ray,* 167 N. Y. 96.) The fifth defense is good. (*Arkansas Smelting Co.* v. *Belden Co.,* 127 U. S. 379; *Goldschmidt & Loewenick, Inc.,* v. *Diamond S. F. Co.,* 186 App. Div. 688; *Paige* v. *Faure,* 229 N. Y. 114.)

*Leonard G. Bisco* and *Samuel Chugerman* for respondent. The complaint alleges a sufficient legal consideration for the pledge. (*Allegheny College* v. *National Chautauqua County Bank,* 246 N. Y. 369; *Keuka College* v. *Ray,* 167 N. Y. 96; *Barnes* v. *Perine,* 12 N. Y. 18; *Richmondville Union Seminary* v. *McDonald,* 34 N. Y. 379; *Presbyterian Society* v. *Beach,* 74 N. Y. 72; *Wayne & Ontario Coll. Inst.* v. *Smith,* 36 Barb. 576; *Richmondville Union Seminary* v. *Brownell,* 37 Barb. 535; *Roberts* v. *Cobb,* 103 N. Y. 600; *Russian Symphony Society, Inc.,* v. *Holstein,* 199 App. Div. 353; *Matter of Barker,* 158 Misc. Rep. 803; 249 App. Div. 336; *Mechanicville War Chest, Inc.,* v. *Butterfield,* 110 Misc. Rep. 257; *Mechanicville War Chest, Inc.,* v. *Ryan,* 110 Misc. Rep. 448; *Washington Heights M. E. Church* v. *Comfort,* 138 Misc. Rep. 236; *Trustees of R. P. D. Church* v. *Hardenbergh,* 48 How. Pr. 414;

*Hutchins* v. *Smith,* 46 Barb. 235; *Walton Water Co.* v. *Village of Walton,* 238 N. Y. 46.) If there is no request in the pledge itself the request may, nevertheless, be implied. Even without consideration appellant would be liable upon the doctrine of promissory estoppel. But since there is sufficient legal consideration alleged in the donee's acts pursuant to the express or implied request of the donor, it is unnecessary to look to that doctrine for support. (*Barnes* v. *Perine,* 12 N. Y. 18; *Allegheny College* v. *National Chautauqua Co. Bank,* 246 N. Y. 369; *Keuka College* v. *Ray,* 167 N. Y. 96; *Eaton* v. *Reich,* 258 N. Y. 202; *Matter of First M. E. Church* v. *Howard's Estate,* 133 Misc. Rep. 723; *Trustees of R. P. D. Church* v. *Hardenbergh,* 48 How. Pr. 414; *Wayne & Ontario Collegiate Institute* v. *Smith,* 36 Barb. 576; *Richmondville Union Seminary* v. *McDonald,* 34 N. Y. 379; *Presbyterian Society* v. *Beach,* 74 N. Y. 72; *Russian Symphony Society, Inc.,* v. *Holstein,* 199 App. Div. 353.) In pleading consideration the language of the pledge agreement is not exclusive, but should be read together with paragraph seventh of the complaint. (*Presbyterian Church of Albany* v. *Cooper,* 112 N. Y. 517; *Strobe* v. *Netherland Co.,* 245 App. Div. 573; *Keuka College* v. *Ray,* 167 N. Y. 96; *Barnes* v. *Perine,* 12 N. Y. 18; *Hutchison* v. *Ross,* 262 N. Y. 381; *Miller* v. *McKenzie,* 95 N. Y. 575; *Dilcher* v. *Nellany,* 52 Misc. Rep. 364; *Matter of Taylor,* 251 N. Y. 257.) The fifth defense that the subscription agreement was unassignable was properly stricken out by the court below as insufficient in law. (*Goldschmidt & Loewenick, Inc.,* v. *Diamond S. F. Co.,* 186 App. Div. 688; *Arkansas Smelting Co.* v. *Belden Co.,* 127 U. S. 379; *Hopkins* v. *Upshur,* 20 Tex. 89; *Mt. Carmel Church* v. *Journey,* 77 Tenn. 215; *Gerner* v. *Church,* 43 Neb. 690; *Bank of American Forks* v. *Smith,* 44 Utah, 284; *Oconto Chamber of Commerce* v. *Grandall,* 175 Wis. 477; *Vanny* v. *Duprez,* 72 Ind. 26; *Southern Hotel Co.* v. *Choucteau,* 53 Mo. 572; *Matter of Black,* 138 App. Div. 562; *Johnson* v. *Williams,*

95 N. Y. 668; *Croocke* v. *Kings County*, 97 N. Y. 421; *Matter of Heyes*, 149 Misc. Rep. 890; 241 App. Div. 907; *Rosenthal* v. *National Folding B. & P. Co.*, 226 N. Y. 313; *Farone* v. *Hall*, 128 Misc. Rep. 794; *Janvey* v. *Loketz*, 122 App. Div. 411.)

HUBBS, J. Appellant signed and delivered to Beth Israel Hospital Association a pledge or subscription agreement reading as follows: " To aid and assist the Beth Israel Hospital Association in its humanitarian work, and in consideration of the promises of others contributing for the same purposes, the undersigned does hereby promise to pay to the order of the Beth Israel Hospital Association at the Hospital Building, Stuyvesant Park East, New York City the sum of * * * $5,000 payable in 4 year installments, $1,250 cash. The undersigned further requests each and every other contributor to make his contribution in reliance upon the contribution of the undersigned herewith made."

Respondent is now the holder and owner thereof. The allegation of the complaint, as to consideration, is as follows:

" *Seventh.* That upon the said subscription and agreement, the said Beth Israel Hospital Association proceeded in its humanitarian work, obtained other like subscriptions, expended large sums of money and incurred large liabilities, and has otherwise duly performed all the conditions on its part to be performed."

The Appellate Division, by a divided court, reversed the judgment of Special Term which dismissed the complaint, found the allegation of consideration sufficient, and struck out the fifth affirmative defense, which was:

" 14. That upon information and belief the pledge and agreement described in and alleged in the complaint, copy of which is thereto annexed, was by reason of the nature thereof unassignable in law on the part of the said Hospital Association or corporation."

The appeal to this court is on certified questions, namely:

" 1. Does the complaint herein state facts sufficient to constitute a cause of action?

" 2. Does the fifth defense contained in the answer state facts sufficient to constitute a defense to the action?"

It is unquestioned that the request that other subscribers make contributions in reliance on appellant's contribution, stated as a consideration in the subscription agreement, is not consideration which will support appellant's promise. (*Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *Twenty-third St. Baptist Church* v. *Cornell*, 117 N. Y. 601; *Cutwright* v. *Preachers' Aid Society*, 271 Ill. App. 168; *Dalhousie College* v. *Boutilier*, [Can., 1934] S. C. R. 642; *College St. M. E. Church* v. *Kendall*, 121 Mass. 528; 1 Williston on Contracts [Rev. ed.], § 116.)

The respondent's complaint alleges that the hospital association " has  *  *  *  duly performed all the conditions on its part to be performed."

The question presented is whether the subscription agreement, which recites that it is made " to aid and assist " a hospital in carrying on " its humanitarian work," when relied upon by the hospital by proceeding in its work, securing other subscribers, expending large sums of money and incurring large liabilities, is binding upon the subscriber and enforceable. We believe that the allegations of the complaint are broad enough to permit proof as to the conditions upon which the subscription was made and the extent of fulfillment. Evidence may be given, under the allegations in question, that the hospital, after the subscription was given, relying thereon, " altered its position to the knowledge of the promisor and in the reasonable belief that the promise would be kept." (*Matter of Taylor*, 251 N. Y. 257, 263.) Consideration in such a case may be shown from facts outside the subscription agreement. (*Presbyterian Church* v. *Cooper, supra; Dougherty* v. *Salt*, 227 N. Y. 200; *Matter*

*of Stack*, 164 Minn. 57; *Lasar* v. *Johnson*, 125 Cal. 549; *Keuka College* v. *Ray*, 167 N. Y. 96.)

The subscription agreement need not on its face require the hospital to do or refrain from doing any particular thing, as urged by the appellant. The reliance is not upon a request, but upon the subscription agreement made, as recited, "to aid * * * the hospital * * * in its humanitarian work." The agreement can be read as though it said " to aid and assist the hospital in carrying on its humanitarian work, I agree to pay." Relying on the agreement to aid and assist by paying, the hospital acted. The subscription agreement is not a contract, but an offer to contract, which, when acted upon by incurring liability, becomes a binding obligation. (1 Williston on Contracts [Rev. ed.], § 116.) It is a unilateral contract unenforceable until acted upon by the promisee. An invitation or request to carry on its work need not be expressed in the subscription agreement — it may be implied. " Nor need a request to the promisee to perform the services be expressed in the instrument; it may be implied." (*Keuka College* v. *Ray*, 167 N. Y. 96, at p. 100.) True it is that, under our law, there must be consideration in contracts in order to make them valid.

We realize that the principles upon which courts of differing jurisdictions have placed their decisions sustaining subscriptions for charitable purposes are all subject to criticism from a legalistic standpoint. Nevertheless we feel that we should follow the decisions of our own courts, extending, as they do, over a long period. The principle controlling our decisions has " been too firmly established in this State to be disturbed by judicial decision." (*Glennan* v. *Rochester Trust & S. D. Co.,* 209 N. Y. 12, 19.) Our courts have definitely ruled that such subscriptions are enforceable on the ground that they constitute an offer of a unilateral contract which, when accepted by the charity by incurring liability in reliance thereon, becomes a binding obligation. (12 Cornell Law

Review, 467; Selected Readings on the Law of Contracts, p. 559.) The view that a subscription is an offer to contract which becomes binding as soon as work has been begun in reliance on the promise is strengthened by the adoption of the following statement in the Restatement of Contracts:

" § 45. If an offer for a unilateral contract is made, and part of the consideration requested in the offer is given or tendered by the offeree in response thereto, the offeror is bound by a contract, the duty of immediate performance of which is conditional on the full consideration being given or tendered within the time stated in the offer; or, if no time is stated therein, within a reasonable time." (American Law Institute, Restatement of the Law of Contracts, vol. 1.)

Courts, in passing on subscription agreements for charitable purposes, have sustained them under the rule of promissory estoppel in cases where the promisee has acted on the promise to pay by incurring liability. We need not go so far as to base our decision on the doctrine of promissory estoppel, as stated in *Allegheny College* v. *National Chautauqua County Bank* (246 N. Y. 369). That doctrine need not be applied to save a subscription where a request or invitation that the promisee go on with its work can be implied from the subscription agreement. It is only when a request or an invitation to carry on cannot be implied in fact that it is necessary to invoke that doctrine. In the complaint there is alleged some consideration. It must be remembered that this case involves only a motion on the pleadings. The cases cited by appellant, where there has been a trial and failure of proof, are not in point. The argument of appellant that the parol evidence rule applies and that under it no new or different consideration can be proved, has no application on this motion on the pleadings.

That the agreement or pledge was assignable in law is also clear. It is a promise to pay " to the order of the

Beth Israel Hospital Association." There is no statutory restriction against the assignability of such a subscription and we are referred to no decision tending to deny the assignability of an instrument of this character. This court has indicated the rule applicable in *Rosenthal Paper Co.* v. *National Folding B. & P. Co.* (226 N. Y. 313).

Section 41 of the Personal Property Law (Cons. Laws, ch. 41) provides:

" Any claim or demand can be transferred, except in one of the following cases: * * *

" (3) Where a transfer thereof is expressly forbidden by a statute of the state, or of the United States, or would contravene public policy."

The order should be affirmed, with costs, the first question certified answered in the affirmative, and the second in the negative.

LEHMAN, J. (dissenting). Subscriptions to a charitable corporation are enforceable only if the charitable corporation gives some consideration for the promise to pay, or was induced, by the promise, to perform some act which it would otherwise not have performed. (*Matter of Taylor*, 251 N. Y. 257.) Though the doctrine of consideration is not applied " in all its ancient rigor " to charitable subscriptions, yet the question in each case still is whether the enforcement of the charitable subscription " can be squared with the doctrine of consideration as qualified by the doctrine of promissory estoppel." (*Allegheny College* v. *National Chautauqua County Bank*, 246 N. Y. 369, 374.)

In this case the subscription is not, *in form*, a promise to pay the sum specified in consideration of a promise to be performed hereafter by the charitable corporation, nor is it, *in form*, either a request to the corporation to perform a specified act or a promise to pay conditioned upon the performance of any act by the hospital. On the contrary, a promise to " aid and assist " a hospital " in its humanitarian work " assumes that the hospital expects

to continue its work, and the pledge or subscription here expressly recites that the consideration for the promise of the defendant is " the promises of others contributing for the same purposes," and the only request contained in the subscription instrument is addressed to " each and every other contributor to make his contribution in reliance upon the contribution of the undersigned herewith made." As Judge HUBBS points out in his opinion, " it is unquestioned that the request that other subscribers make contributions in reliance on appellant's contribution, stated as a consideration in the subscription agreement, is not consideration which will support appellant's promise." That being true, it follows, of course, that the complaint is insufficient unless it alleges some other consideration.

I do not question that, as Judge HUBBS points out, " consideration in such a case may be shown from facts outside the subscription agreement," nor do I question that " the agreement can be read as though it said ' to aid and assist the hospital in carrying on its humanitarian work, I agree to pay.' " Gifts or promises to pay money to a hospital, where no other purpose is specified, are ordinarily made " to aid and assist the hospital in carrying on its humanitarian work," and even if the subscription agreement did not so say, we might infer that the promise was made for that purpose in this case. That is not enough to make the promise enforceable. In some cases, particular subscription agreements have been construed as an offer to contract which when acted upon by incurring liability becomes a binding obligation. (*Allegheny College* v. *National Chautauqua County Bank, supra; Roberts* v. *Cobb*, 103 N. Y. 600; *Keuka College* v. *Ray*, 167 N. Y. 96; *Barnes* v. *Perine*, 12 N. Y. 18; *Presbyterian Society of Knoxboro* v. *Beach*, 74 N. Y. 72.) In all these cases, however, the subscription or promise was to become effective only if in return the beneficiary promised or actually performed some act which it otherwise would not

have been obligated to perform and would not have performed except for the inducement offered by the promisor. Decision in all these cases was placed upon findings of request or offer, on the one hand, and acceptance on the other hand. The court has reached the opposite conclusion in cases where the subscription was a promise to pay a sum of money to the general funds of the beneficiary (*Trustees of Hamilton College* v. *Stewart*, 1 N. Y. 581), or to pay off an existing obligation (*Presbyterian Church* v. *Cooper*, 112 N. Y. 517), or even where a promise was made to a church " for the purpose of building its church " and though it appeared that thereafter a church was built, it did not appear that the church, after the promise was given, " altered its position to the knowledge of the promisor and in the reasonable belief that the promise would be kept." (*Matter of Taylor, supra,* p. 263.) No case in this court is cited, nor have I been able to find a case where a charitable subscription has been enforced without allegation and proof that the promise constituted a request which induced the beneficiary to change its position in reliance upon the promise. Indeed, there is implicit in Judge HUBBS' opinion the assumption that a subscription to charity is, under the rule applied in this State, enforceable only if it can be construed as an " offer for a unilateral contract * * * and part of the consideration requested in the offer is given or tendered by the offeree in response thereto." (American Law Institute, Restatement of the Law of Contracts, vol. 1, § 45.)

The only allegation in the complaint challenged on this appeal, which, it is said, would admit proof that an offer has been made and accepted, is contained in paragraph seventh: " That upon the said subscription and agreement, the said Beth Israel Hospital Association proceeded in its humanitarian work, obtained other like subscriptions, expended large sums of money and incurred large liabilities, and has otherwise duly performed all the conditions on its part to be performed." A complaint is insufficient unless it alleges the ultimate fact upon

which liability depends; even allegation of evidentiary facts from which, if unexplained, an inference of the ultimate fact would follow is insufficient. (*De Cordova* v. *Sanville*, 214 N. Y. 662.) In this case concededly the ultimate fact upon which liability might be predicated is that the plaintiff's assignor accepted an offer made by the defendant; and the complaint seems to me significantly silent there. The allegations of the complaint should apprise the defendant of the issues he must meet and guide the trial judge in the admission and exclusion of evidence. It is said that paragraph seventh of the complaint may be construed as an allegation that " relying on the agreement to aid and assist by paying, the hospital acted." To show consideration the plaintiff must go further. It must prove that the plaintiff changed its position, that is, it incurred some liability or expended some money or in other respect incurred some detriment *because* the defendant so requested, or — if we accept the doctrine of promissory estoppel — as a consequence of the promise or in justified reliance thereon. Mere continuance of its charitable work as it might have done even if no promise had been made, does not constitute consideration for the promise or give rise to a promissory estoppel. The complaint is insufficient because even under the most liberal construction, it fails to allege that when the hospital expended large sums of money or incurred large liabilities, its acts were intended or accepted as the consideration " *requested* in the offer * * * or tendered by the offeree in *response* thereto " (Cf. section 45 of Restatement of Law of Contracts), or that the hospital thereby " *altered its position* * * * in the reasonable belief that the promise would be kept." (Cf. *Matter of Taylor, supra,* p. 262.)

The order of the Appellate Division should be reversed and the first certified question answered in the negative.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur with HUBBS, J.; LEHMAN, J., dissents, in opinion.

Order affirmed, etc.