Lawrence II. Cooke, J.
Plaintiff moves for summary judgment.
For the most part the facts are not in dispute. It appears, among other things, that defendant on September 6, 1951 signed an instrument stating: “ To help provide a fund for the construction of a new and modern Maimonides Hospital, and in consideration of the pledges of others for the same purpose, I hereby promise to pay to Maimonides Hospital Building Fund the following sum ”, the amount listed being $600 to be paid in four installments on certain specified dates and beneath defendant’s signature it was specified that “ Checks should be made payable to Maimonides Hospital Building Fund and sent to Drawer 590, Liberty, New York”; that defendant gave the written pledge card to the chairman of the hospital building fund committee of the plaintiff; that plaintiff is a membership corporation organized in 1924 under the name of Maimonides Lodge Hospital Association which name was changed in about December of 1951 to Liberty Maimonides Hospital; that since its inception plaintiff has operated a hospital at Liberty, Sullivan County, New York, which at first and for years and until about December of 1951. was known as Maimonides Hospital and thereafter as Liberty Maimonides Hospital; that in 1950 plaintiff initiated steps to construct a new hospital building and, thereafter, architects were retained, an application for Federal funds was made and approved, a fund raising campaign was conducted in the course of which about $340,000 was raised, interim loans were made and the building was constructed and equipped and opened in June of 1953; that a mortgage of $130,000 was obtained and that plaintiff has outstanding obligations to meet which were incurred in the construction of the new hospital; that the plaintiff’s board of directors designated a separate fund known as “Maimonides Hospital Building Fund ” into which all pledge moneys were deposited; that defendant has made no payments *293 on account of the said instrument which he signed; and that in Sullivan County, which includes Liberty, there is no other hospital bearing the name ‘ ‘ Maimonides ’ ’ or any similar name.
Defendant opposes recovery on the ground that plaintiff is not the real party in interest, claiming that he, the defendant, is not indebted to this plaintiff.
The decisions of courts in this State and the trend of modern authority indicate a tendency to favor the enforcement of charitable subscriptions (Matter of Borden, 41 N. Y. S. 2d 269, 274, affd. 267 App. Div. 823; Matter of First M. E. Church v. Estate of Howard, 133 Misc. 723, 726, affd. 233 App. Div. 753; Matter of Lord, 175 Misc. 921, 923; Eaton v. Reich, 258 N. Y. 202, 205; Washington Heights M. E. Church v. Comfort, 138 Misc. 236, 238; Ann. 115 A. L. R. 590).
Our courts have ruled definitely that charitable subscriptions are enforcible on the ground that they constitute an offer of a unilateral contract which, when accepted by the charity by incurring liability in reliance thereon, becomes a binding obligation (I. & I. Holding Corp. v. Gainsburg, 276 N. Y. 427, 433; Matter of Metz, 262 App. Div. 508, 511; Keuka Coll. v. Ray, 167 N. Y. 96, 100; Matter of Borden, supra; 1 Restatement, Contracts, § 45). An invitation or request to the hospital to carry on its work need not be expressed in the subscription agreement, it may be implied; it need not on its face require the hospital to do or refrain from doing any particular thing; the subscription agreement being not a contract, but an offer to contract, which, when acted upon by incurring liability, becomes a binding obligation (I. & I. Holding Corp. v. Gainsburg, supra, p. 433). But if a thing is to be done by the promisee, be it ever so small, this is a sufficient consideration to sustain the promise (Matter of Taylor, 251 N. Y. 257, 262). Here, the consummation of a unilateral contract may be deduced from the implied request of the defendant to plaintiff to proceed with the construction of the hospital building and its action to that end (Matter of Lord, 175 Misc. 921, 925, 927; supra; 1 Williston on Contracts [Rev. ed.], § 116, p. 404). It was not necessary that plaintiff execute or sign the agreement itself (Eraser Co. v. Kaufman, 138 N. Y. S. 2d 743, 751).
Considering, more particularly, defendant’s contention, concerning a real party in interest, to be such a real party in interest, a plaintiff must have some title, legal or equitable, to the claim (Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479, 480-481). The test is as to whether or not the plaintiff has such title in the cause of action so that a recovery or satisfaction by it will protect the defendant from the claims of third parties *294 (St. James Co. v. Security Trust & Life Ins. Co., 82 App. Div. 242, 246, affd. 178 N. Y. 560; American Exch. Nat. Bank v. Yorkville Bank, 122 Misc. 616, 627, affd. 210 App. Div. 885; General Investment Co. v. Interborough R. T. Co., 200 App. Div. 794, 802, affd. 235 N. Y. 133). Here, there is no question but that plaintiff has the sole title to .the Maimonides Hospital Building Fund and there is no proof to the contrary. Applying the prescribed test, it is seen readily that a recovery or satisfaction by plaintiff will protect defendant from the claims of third parties. The offer of defendant as set forth in the subscription agreement in reality was made to the plaintiff, even though payments were to be made to a fund of the plaintiff, and plaintiff has accepted that offer by incurring liability in reliance thereon and by proceeding with the construction of the new hospital building referred to in the subscription agreement.
Subscription agreements containing promises to pay to a treasurer of a college or his order (Keuka Coll. v. Ray, supra; Allegheny Coll. v. National Chautauqua County Bank, 246 N. Y. 369) and for the “ war memorial building of First M. E. Church, Mt. Vernon ” (Matter of First M. E. Church v. Estate of Howard, supra, p. 725) and a note payable to the trustees of a church (Roberts v. Cobb, 103 N. Y. 600) have been enforced.
In Matter of de Brabant (197 Misc. 923, 927) decedent made a pledge “ to give as a part of the new property to be erected for Student Work in Paris, France, by the American Episcopal Church of the Holy Trinity ’ ’ and also a second pledge which read in part as follows (p. 930): “ I hereby direct that the income already received and receivable on the fifty thousand dollars paid by me to the American Students ’ Social Center of Paris, France, (Inc.), toward the cost of erection of a Student Chapel may be used for the upkeep and maintenance of Church Services, temporarily being held in one of the halls of said Students’ Social Center and until I shall make a third and final payment of twenty five thousand dollars to said Students’ Social Center which I agree to do.” One of the objections to the claim was to the effect that the claimant was not the real party in interest but the court held at pages 936-937: “ The claimant is the real party in interest. It was organized to carry on the work performed by the center, and it is, in fact, carrying on such work. That the decedent knew of the incorporation and succession, and never objected, but, instead, tacitly acquiesced, is patent. Her contributions were to the ‘ Students’ Social Center ’, and there is no contention that the contributions were or will be diverted to *295 other purposes. The work is the same, the personnel is the same, the object of the gifts is the same. Such change as there was had relation to form, not substance. ’ ’
In Tioga County Gen. Hosp. v. Tidd (164 Misc. 273) defendant made a subscription to the construction and equipment fund for the Tioga County General Hospital at Waverly, N. Y., the fund raising campaign having been conducted by a general committee later transformed into the corporate plaintiff. One of the defenses was that plaintiff was not the real party in interest but the court held at page 286: “ One of the primary requisites is that the party bringing the action have such an interest that if a recovery be had the defendant will be protected from the assertion of further claims upon the same cause of action. Here there can be no doubt that if the plaintiff recovers in this action, the defendant will be fully protected from any effort on the part of any other party to recover upon the same subscription.”
In Mechanicville War Chest v. Butterfield (110 Misc. 257, 261) defendant signed a card reading in part: “ I hereby enlist as a member of the Mechanieville War Chest. I agree to pay monthly for one year to F. S. Chite, treasurer, or his successor in office the sum of Twelve Dollars to be used by the Mechanieville War Chest for the purpose for which it was organized ”, It was stated at pages 263-264:
“ This seems to be a clear and well-established principle of the law; but at first glance the situation is confused by the fact that while the plaintiff’s corporate name is ‘ Mechanieville War Chest, Inc., ’ upon the subscription or pledge card, the last three letters ‘ Inc. ’ were omitted from the designation. This was an unfortunate error, in the sense that it has probably been one of the main causes of an erroneous conception of the legal effect of the promise made by the citizens of the community; but in reality it has no effect whatever upon the validity and enforcibility of the obligation.
"There is no question of the identity of the corporation intended, and the omission of this legal and technical appellation could not, even in the slightest degree, have deceived any of the members or subscribers. Seldom, if ever, is the term ' Inc. ’ used by laymen in the mention of the name of a corporation, although hundreds, if not thousands, are thus technically described in their charters.
‘ If there had been more than one body or association similarly named or designated, engaged in similar work at the same, or in a near-by city, the rule might be different; but such is not the fact here, and it would not be a very proud commentary upon *296 our judicial system if such a technical objection could prevail in .a case of this character. A ruling to that effect would not be right in morals, nor would it accord with the settled practice of the law. Hammond v. Shepard, 29 How. Pr. 189; People ex rel. Haines v. Smith, 45 N. Y. 772.”
In Barnes v. Perine (12 N. Y. 18, 19) defendant signed a subscription agreement agreeing to pay a sum “ to the trustees of said church, or to a building committee, to be appointed by the undersigned subscribers.” The Court of Appeals affirmed a judgment for the plaintiff and stated at page 25: “ The promisee was the corporate body, the First Presbyterian Church at Glens Falls, represented by the individual trustees in this action. The real party in interest, both in the promise and in the action, is the corporation; and whatever was undertaken or done by the trustees, or by the building committee, was done and undertaken by the corporation. The acts of the agents were the acts of the corporation; and if any act was done or obligation incurred by either of their agents, as such, at the request of the defendant and relying upon his promise, it will furnish a good consideration for his agreement to pay.”
In Locke v. Taylor (161 App. Div. 44, 45) a defendant signed a subscription paper and the testimony indicated that the agreement was to pay a sum “ to parties rebuilding the Lima Insulator plant ” or “ to a company to be organized for the purpose of building and equipping an insulator plant ” upon certain premises. The Appellate Division declared at page 46: “ The evidence warranted no other inference than that plaintiff’s assignors rebuilt the insulator plant in the expectation of receiving the subscriptions made by these defendants and others, and to some extent at least in reliance thereon. The purpose for which the subscriptions were made, whichever may have been the true form of the subscription paper, was, primarily at least, to secure the reconstruction of the insulator plant. If it was in the form which plaintiff asserts, without other limitation, then plaintiff, as the assignee of the right therein of the parties who actually rebuilt the plant, was entitled to collect the subscription. The purpose of such a subscription agreement is to induce the parties who are or may become rightfully in the project of rebuilding to proceed with the enterprise. If acted upon by such parties, then the subscription agreement becomes an enforeible contract for their benefit. It is then no longer a naked promise to give or contribute a sum of money; but is, when thus acted upon, supported by a consideration sufficient to establish the agreement as a valid contract to pay the sum subscribed. (Keuka College v. Ray, 167 N. Y. 96.) ”
*297 A suit was brought to recover the amount of the subscription paid to defendant when treasurer of the plaintiff corporation in Rector v. Crawford (43 N. Y. 476, 477). The subscription paper was headed “ Subscriptions and donations to the Sunday-school Building Fund of the Church of the Redeemer ”. The court said at page 479: “ This certainly indicates that the fund was subscribed as a fund of the church, and not of any separate organization. ’ ’ And, also at the same page: ‘1 An understanding that this fund was to be kept separate from the general funds of the church, is in no manner inconsistent with its being a church fund. ’ ’
In First Church of Christ Scientist v. Schreck (70 Misc. 645) plaintiff brought an action for moneys in the hands of defendant who had been secretary and treasurer of plaintiff’s Sunday school, which moneys were treated as the organ fund. Judgment was awarded to plaintiff and it was held at page 649: ‘ ‘ These Sunday school moneys were paid to the defendant as the secretary and treasurer of plaintiff’s Sunday school; they were paid to the plaintiff, and defendant’s possession thereof is as the agent and officer of the plaintiff corporation.”
Defendant in the instant matter contends in his opposing affidavit as follows: ‘ ‘ The plaintiff must succeed or fall upon the written instrument. The Parol Evidence Rule is here applicable ”. It is true that the parol evidence rule is applied upon a motion for summary judgment as upon a trial (Fadex Foreign Trading Corp. v. Crown Steel Corp., 272 App. Div. 273, affd. 297 N. Y. 903; Ford v. Hahn, 269 App. Div. 436). But, in actions such as this, parol evidence is admissible both for the purpose of demonstrating the existence of a consideration for the promise embodied in the pledge and to show the acts of the promisee which had been performed in reliance thereon (I. & I. Holding Corp. v. Gainsburg, supra, p. 432; Matter of Lord, supra, p. 923). In Keuka Coll. v. Ray (supra, p. 101) we read: ‘ ‘ Where the question is one between the original parties to the instrument, * * * proof may be made of the consideration and of such facts, attending the making and delivery of the note, as are not inconsistent with the instrument.”
It is obvious from the proof advanced here that plaintiff is the real party in interest. The promisee was the plaintiff corporation which was constructing the new hospital building mentioned in the pledge agreement (Barnes v. Perine, supra, p. 25), and the plaintiff’s acceptance of the offer by incurring liability and by carrying on or proceeding with the construction in reliance thereon resulted in the completion of a binding obligation (I. & I. Holding Corp. v. Gainsburg, supra, p. 433). Defendant has not *298 made a showing of “ a plausible ground of defense, something fairly arguable and of a substantial character ” (Dwan v. Massarene, 199 App. Div. 872, 879-880). On the proof presented, there is no triable issue as to who is the real party in interest nor are there any other material and triable issues of fact.
Motion granted. Submit order.