In the Matter of NEW SCHOOL FOR SOCIAL RESEARCH, Appellant, against MARSHALL FIELD, JR., et al., as Executors of MARSHALL FIELD,

Deceased, Respondents.— In a proceeding to direct the executors of a decedent's estate to pay petitioner's claim of $126,044.68, being the balance alleged to be due upon a charitable subscription made by the decedent during his lifetime, the petitioner appeals from so much of a decree of the Surrogate's Court, Suffolk County, entered February 16, 1959, as rejects the claim to the extent of $125,000. The total subscription ·was $250,000. Under the terms of the subscription, $125,000 was to be payable if petitioner raised $1,000,000 by June 2, 1956, and the full amount was to be payable if petitioner raised $2,000,000 by said date. Decedent paid $125,955.32 on account. Petitioner contends that it had raised more than $2,000,000 by the deadline date, including a pledge of $750,000 payable in installments over a period of years. The learned Surrogate has determined that petitioner failed to raise the required sum by the deadline date, because the said $750,000 pledge was "indefinite and unascertained". Decree insofar as appealed from modified, upon the law and the facts: (1) by striking out from its decretal paragraph the provision directing payment of the claim to the limited extent of $1,044.68 in satisfaction of the claim; and (2) by substituting therefor a provision allowing the claim and directing its payment for the full amount of $126,044.68, less $1,044.68 already paid, with interest on the balance of $125,000 at 6% from July 10, 1957. As so modified, decree affirmed, with costs to petitioner, payable out of the estate. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. It is not disputed that the petitioner and decedent intended that pledges could be considered funds raised for the purpose of meeting the contingency of decedent's subscription. Decedent's executors contend, however, that pledges are not entitled to consideration for such purpose unless legally enforcible. The evidence is to the contrary. Decedent was a member of petitioner's finance committee and board of trustees and participated and concurred in acts and resolutions of both bodies accepting the afore-mentioned $750,000 pledge, considering it as collectible and as meeting the contingency of decedent's subscription, although concededly it was oral and the terms of payment were not definitely fixed. In addition, in consideration of the $750,000 pledge, petitioner resolved to memorialize the name of the donor, and, with the concurrence and participation of decedent, entered into commitments and obligations in reliance upon the $750,000 pledge and the subscription of the decedent. Decedent's records contain acknowledgements that the contingency of his subscription had been fulfilled and that he was bound to honor the subscription. We are of the opinion that, within the meaning of the contingency clause of decedent's subscription, the $750,000 pledge was sufficiently definite and certain to be considered as part of the funds raised, even though the $750,000 pledge did not include specific payment provisions. The decedent and petitioner, by their acts and declarations after receipt of the $750,000 pledge, interpreted decedent's subscription as binding. "The interpretation given by the parties themselves, as shown by their acts, will be adopted by the Court, and to this end, not only the acts but the declarations of the parties may be considered." (*Wack* v. *Wack,* 74 N. Y. S. 2d 435). "The courts in determining the obligations of a contract should, when possible, apply the same measure as the parties have applied" (*Atwater & Co.* v. *Panama R. R. Co.,* 255 N. Y. 496, 501). To similar effect, see *Woolsey* v. *Funke* (121 N. Y. 87) and *Matter of de Brabant* (197 Misc. 923). We find no support in the record for the conclusion of the learned Surrogate that "a mistake of material fact" induced the resolution of petitioner's Finance Committee (of which decedent was a member) that the contingency of decedent's subscription had been fulfilled by the $750,000 pledge. Decedent's concurrence

in the acts and resolutions of petitioner's finance committee and board of trustees was with full knowledge of all the facts and circumstances, and constituted a waiver of any possible infirmities in the $750,000 pledge. Since decedent also actively participated in the decisions to incur obligations in reliance upon the validity of the $750,000 pledge, his executors are in any event estopped from now asserting its invalidity (*Allegheny Coll.* v. *National Chautauqua County Bank of Jamestown*, 246 N. Y. 369; *Matter of Field*, 11 Misc 2d, 427; *I. & I. Holding Corp.* v. *Gainsburg*, 251 App. Div. 550, affd. 276 N. Y. 427). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.