Jack Stanislaw, J.
Defendant Romano J. Dudine (hereinafter “ Dudine ”) moves to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice. Plaintiff is allegedly not a real party in interest, has no legal capacity to sue, does not state a cause of action and is faced with an existing final judgment precluding any rights it now asserts.
This action is the result of plaintiff’s oversight. Dudine had sued his wife Margaret to impress a trust in his favor on real *156 property held by her individually. He simultaneously filed a lis pendens in the Suffolk County Clerk’s office on September 13, 1960. In January, 1963, the action was tried before. me and judgment was rendered impressing the trust. The property was conveyed by wife to husband, and all claims accruing after the filing of the notice of pendency were barred. Unfortunately, but almost predictably, Margaret Dudine had conveyed on May 18,1962 to defendants Pidgeon. The latter obtained a mortgage from plaintiff on this property in the amount of $5,000. Approximately $2,200 was used to satisfy the balance then owing on a mortgage to Eastern Federal Savings and Loan Assn, dated 1955. Plaintiff’s mortgage and the satisfaction of the prior mortgage were, presumably, duly recorded. The oversight comes into the picture when plaintiff suddenly found itself without a lien on the property due to the judgment noted. Dudine’s lis pendens had been missed and plaintiff’s mortgage was, as a lien on the property, barred.
Plaintiff seeks to subrogate itself to Eastern’s prependency lien. It would then be able to proceed on same to the extent of the balance existing on it when that lien was satisfied from funds advanced by plaintiff. The unjust enrichment of Dudine in now obtaining the property free and clear of a mortgage as to which bond he was signatory, is decried. Of course, neither plaintiff nor Dudine shows too much concern about the plight of the tragically-named Pidgeons.
Plaintiff holds the bond on its mortgagors without collateral. It cannot be a real party in interest unless its recovery will bar claims against Dudine by any others arising out of the foregoing circumstances. Dudine is protected if plaintiff has legal or equitable title, by substantial law, to his cause of action. (Spencer v. Standard Chem. & Metals Corp., 237 N. Y. 479; Liberty Maimonides Hosp. v. Felberg, 4 Misc 2d 291; O’Sullivan v. Jarach-Guetta, Ind. Overseas Co., 194 Misc. 534; Novick v. Kirschbaum, 50 N. Y. S. 2d 279.) Margaret Dudine, Eastern Federal, the Pidgeons and all others excluding plaintiff cannot hereafter proceed against Dudine with respect to this property, and the mortgage liens thereon. Furthermore, assuming as we must the truth of the allegations of the complaint on this motion, do these facts conceivably confer any right of action upon plaintiff. Dudine argues no, that once the mortgage was executed the satisfaction of Eastern’s mortgage was made by the mortgagors and not by plaintiff. But it has been held that the making of a mortgage loan with concurrent satisfaction of a prior mortgage may subrogate the latter mortgages to the former lien. This happens when the one mortgagee causes the satisfaction of *157 the prior lien as a matter of necessity, and then finds itself, as here, without a lien through a mistake or oversight. (New York Fed. Sav. & Loan Assn. v. Griggs, 204 N. Y. S. 2d 647.) “ This lien was paid off out of the proceeds of plaintiff’s loan. In paying this prior lien, or insisting on its payment, plaintiff was no mere volunteer. It was a necessary part of the transaction wherein plaintiff made a mortgage loan. Under the circumstances, plaintiff should be subrogated # * * and have a lien”. (New York Fed. Sav. & Loan Assn. v. Griggs, supra, p. 649; Whitestone Sav. & Loan Assn. v. Moving, 286 App. Div. 1042.) Plaintiff is a real party in interest.
Plaintiff has capacity to sue. That is, plaintiff has access to this or any other court, and suffers no disability disclosed to come into court. (Ward v. Petrie, 157 N. Y. 301; Field v. Allen, 9 A D 2d 551; City of Albany v. McMorran, 34 Misc 2d 304.)
Res judicata is useless as an argument against this plaintiff. It was neither party nor privy to the trust action, and its rights were not and could not have been conclusively determined therein. The motion is, in all respects, denied.